MALCOLM A. HEINICKE (SBN 194174)
malcolm.heinicke@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

JOSEPH D. LEE (SBN 110840)
joseph.lee@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

Attorneys for Defendant
CRISIS24 PROTECTIVE SOLUTIONS, LP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RUSTIN FOX and GABRIELE SANTI, individuals, on behalf of themselves and on behalf of all persons similarly situated,<br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CRISIS24 PROTECTIVE SOLUTIONS, LP, a Limited Partnership; and DOES 1 through 50, inclusive,<br>　　　　Defendants. | Case No.<br>*[Removed from the Superior Court of the State of California, County of Santa Clara, Case No. 23CV418864]*<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453**<br><br>*[Filed concurrently with Civil Cover Sheet; Declaration of Joseph D. Lee; and Declaration of Gabor Bukszar]*<br><br>Complaint Filed:　July 7, 2023 |

DEFENDANT'S NOTICE OF REMOVAL

TO THE PLAINTIFFS, THE COURT, AND ALL ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Crisis24 Protective Solutions, LP ("Crisis24") hereby removes this action from the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California, San Jose Division, on the grounds that federal diversity jurisdiction exists pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. In support of this Notice of Removal, Defendant states as follows:

### REMOVAL IS TIMELY

1. On July 7, 2023, Plaintiffs Rustin Fox and Gabriele Santi (together "Plaintiffs"), on behalf of themselves and on behalf of all persons similarly situated, filed a class action complaint in the Superior Court of the State of California for the County of Santa Clara against Defendant Crisis24 Protective Solutions, LP ("Crisis24"), entitled *Rustin Fox and Gabriele Santi, individuals, on behalf of themselves and on behalf of all persons similarly situated v. Crisis24 Protective Solutions, LP, a Limited Partnership; and DOES 1 through 50, inclusive*, Case No. 23CV418864 (the "State Court Action"). *See* Declaration of Joseph D. Lee ("Lee Decl."), filed concurrently, ¶ 3, Exhibit A at pp. 5-62 ("Complaint").

2. On September 1, 2023, Crisis24 was served with the Summons and Complaint. Lee Decl. ¶ 2, Exhibit A.

3. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty days after the date on which Crisis24 was served with a copy of the Summons and Complaint setting forth the claims for relief upon which Plaintiffs' action is based.

### PLAINTIFFS' COMPLAINT

4. Plaintiff Rustin Fox claims that he was employed by Crisis24 from October 2022 to January 2023. Complaint ¶ 3. Crisis24 has confirmed Fox's hire date was October 3, 2022, however, Fox is currently on inactive status. *See* Declaration of Gabor Bukszar ("Bukszar Decl."), filed concurrently, ¶ 6.

5. Plaintiff Gabriele Santi claims that he is a current Crisis24 employee, and that he was hired in September 2022. Complaint ¶ 3. Crisis24 has confirmed Santi is a current Crisis24 employee; however, Santi's hire date was October 3, 2022. *See* Bukszar Decl. ¶ 7.

6.     Plaintiffs seek to represent and certify a putative class (the "California Class") consisting of "all individuals who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non-exempt employees" during the relevant class period running from July 7, 2019, to "the date as determined by the Court." Complaint ¶ 4. The Complaint generally alleges, on behalf of Plaintiffs and all putative California Class members, that Crisis24 committed acts of unfair competition in violation of California's Unfair Competition Law (Business & Professions Code section 17200 *et seq.*) "by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to record and pay PLAINTIFFS and the other members of the CALIFORNIA CLASS for all time worked, including minimum wages owed and overtime wages owed for work performed by these employees," and "by failing to provide the PLAINTIFFS and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods." Complaint ¶ 35. On the basis of these allegations, Plaintiffs assert one cause of action for Crisis24's alleged violation of California's Unfair Competition Law (the "UCL") on behalf of themselves and the putative California Class members. Complaint ¶¶ 49-63 (Cause of Action 1).

7.     Plaintiffs also seek to represent and certify a sub-class (the "California Labor Sub-Class") consisting of "all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non exempt employees" at any time during the relevant sub-class period running from July 7, 2020, to "the date as determined by the Court." Complaint ¶ 40. The Complaint generally alleges, on behalf of Plaintiffs and all putative California Labor Sub-Class members, that Crisis24 failed to provide (i) overtime wages, (ii) minimum wages, (iii) accurate itemized wage statements, (iv) duty-free meal and rest periods, (v) all wages due on termination, and (vi) reimbursements due for necessary expenses incurred in the discharge of their job duties. Complaint ¶ 45. On the basis of these allegations, Plaintiffs assert eight causes of action (one of which concerns an additional alleged violation regarding sick pay wages) on behalf of the putative California Labor Sub-Class members. Complaint ¶¶ 64-122 (Causes of Action 2-9).

8. Plaintiff Santi also bring claims in Santi's individual capacity under the Fair Employment and Housing Act ("FEHA") and under California Government Code section 12940(m), alleging, inter alia, that Crisis24 discriminated against and failed to accommodate Santi's disabilities.  Complaint ¶¶ 123-146 (Causes of Action 10-11).

9. Plaintiff Fox also brings claims in Fox's individual capacity under California Government Code section 12940(m), alleging, inter alia, that Crisis24 failed to accommodate Fox's disabilities and wrongfully terminated Fox.  Complaint ¶¶ 147-163 (Causes of Action 12-13).

10. Plaintiffs' Prayer for Relief seeks, among other things, certification of Plaintiffs' First Cause of Action as a class action (for the California Class), certification of Plaintiffs' Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action as a class action (for the California Labor Sub-Class), compensatory damages (including "compensatory damages for minimum and overtime compensation"), the greater of all actual damages or statutory penalties for Crisis24's alleged wage statement violations, "[m]eal and rest period compensation," waiting time penalties, liquidated damages, attorneys' fees, interest, and costs.  *See* Complaint, Prayer for Relief, ¶¶ 1-4.

## **REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT IS PROPER**

11. Diversity jurisdiction exists under Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.), because (a) this litigation is brought as a "class action," as that term is defined in CAFA, (b) the "minimal diversity" of citizenship required by CAFA is satisfied, (c) the amount in controversy exceeds $5 million in the aggregate, (d) there are at least 100 class members, (e) this Notice was timely filed, and (f) no exceptions to CAFA apply.

12. Crisis24 does not concede that Plaintiffs can or will establish any liability under any of their legal theories, that Plaintiffs' putative class or sub-class is susceptible of certification, that any recovery is available for any portion of the time periods pled as to the proposed classes or claims, that any class period(s) or sub-class period(s) asserted by Plaintiffs are valid or proper, or that Plaintiffs or the putative class (or sub-class) have suffered damages.  To the contrary, Crisis24

contends that class and/or representative treatment is inappropriate and that Plaintiffs and the putative class and sub-class are not entitled to recover any of the amount in controversy. The analysis that follows takes all of Plaintiffs' allegations as true, and assumes all of Plaintiffs' claims will survive, in full, *solely and exclusively* for purposes of establishing this Court's jurisdiction under CAFA.

13. CAFA confers original federal court jurisdiction over class actions when there is "minimal diversity" between the parties and the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d). CAFA fundamentally changed the legal standard governing diversity removal jurisdiction in order to protect defendants against perceived abuses of the class action device in state courts. To that end, Congress stated that CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court," and that district courts should "err in favor of exercising jurisdiction." S. Rep. No. 109-14, at 42-43 (2005). Each jurisdictional requirement of CAFA is satisfied here.

14. <u>Class Action</u>. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by [one] or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The Complaint alleges that "PLAINTIFFS bring this <u>Class Action</u> on behalf of themselves and a California class." Complaint ¶ 4 (emphasis added). The Complaint further alleges that "this action is properly maintained as a <u>Class Action</u>." Complaint ¶¶ 37, 47 (emphasis added). CAFA's "class action" requirement is therefore satisfied.

15. <u>At Least 100 Class Members</u>. During the relevant time period, Crisis24 employed approximately 501 non-exempt hourly employees in California who qualify for the putative Class and the putative Sub-Class that Plaintiffs seek to certify. *See* Bukszar Decl. ¶ 9. This satisfies the requirement that the proposed class include at least 100 persons.

16. <u>Diversity of Citizenship</u>. For minimal diversity purposes, CAFA requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). At the time this action was filed, and as of the date of this Notice, the named Plaintiffs were, and are, citizens of California. *See* Bukszar Decl. ¶¶ 7, 8. Furthermore, the

putative Class that Plaintiffs seek to represent includes "all individuals who are or previously were employed by DEFENDANT in California," while the putative sub-class Plaintiffs seek to represent includes "all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California."  Complaint ¶¶ 30, 40.

17.     For purposes of diversity jurisdiction under CAFA, Crisis24 Protective Solutions, LP (as an "unincorporated association") is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  28 U.S.C. § 1332(d)(10).  Crisis24 Protective Solutions, LP is a Delaware limited partnership, and its principal place of business is in Florida.  *See* Bukszar Decl. ¶ 4.

18.     Thus, at least two members of the putative class are California citizens, while Crisis24 Protective Solutions, LP is a citizen of Delaware and Florida.[1]  Therefore, the "minimal diversity" requirement of 28 U.S.C. § 1332(a)(2) is met.

19.     <u>Amount in Controversy</u>.  Though Plaintiffs allege that the amount in controversy for the aggregate claim of the putative California Class members "is under five million dollars," Complaint at ¶ 4, and allege that the amount in controversy for the aggregate claim of the putative California Labor Sub-Class members "is under five million dollars" as well, Complaint ¶ 40, these alleged limitations on damages are irrelevant "because a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified."  *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013).  Thus, despite Plaintiffs' allegations, Crisis24 need only show that it is more likely than not that the amount in controversy exceeds $5 million. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013).

20.     Under CAFA, the $5 million jurisdictional minimum "shall" be based on an aggregation of the claims of all potential class members.  28 U.S.C. § 1332(d)(6).  Accepting Plaintiffs' allegations as true for the present purposes, as is required (*see Kenneth Rothschild Trust*

---

[1] To the extent 28 U.S.C. § 1332(d)(10) does not apply, and to the extent Crisis24 Protective Solutions, LP's citizenship for diversity purposes is instead determined by reference to the citizenship of its members, the sole member/limited partner of Crisis24 Protective Solutions, LP is Garda USA Inc., which is a citizen of Delaware and Florida for diversity purposes.  Bukszar Decl. ¶ 5.

*v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)), more than $5 million is at stake here.

   a. Crisis24 had a total of approximately 501 current and former non-exempt hourly employees in California, including Plaintiffs, who collectively worked a total of approximately 25,145 workweeks from July 1, 2021,[2] to July 7, 2023 (including time on leave of absence), at hour rates ranging from approximately $24.34 to $70, and at a weighted average hourly rate (calculated by multiplying each employee's hourly rate by the number of weeks each employee worked, adding up the individual results, and then dividing the sum by 25,145 workweeks) of approximately $39.93.  Bukszar Decl. ¶ 9.

   b. *Meal and Rest Period Premiums*.  On behalf of themselves and the putative Class and Sub-Class members, Plaintiffs seek to recover restitution for missed meal and rest periods.  *E.g.*, Complaint ¶¶ 57-58, 96, 100.  Plaintiffs do not specify the frequency with which this violation allegedly occurred, but assuming that each employee suffered one meal break violation and one rest period violation each week (for a total of two hours of meal and rest break premiums per week), and applying the aforementioned weighted average hourly rate of $39.93 and the total workweeks at issue of 25,145, a conservative estimate of the amount placed in controversy by the meal and rest period claims is approximately $2,008,079.70 ($39.93 * 2 premiums * 25,145 weeks).

   c. *Unpaid Wages.*  On behalf of themselves and the putative Class and Sub-Class members, Plaintiffs seek to recover unpaid wages for all time worked.  *E.g.*, Complaint ¶ 61.  Crisis24 paid its employees on a biweekly basis during the alleged class period through May 21, 2023 (paying them weekly after that date), Bukszar Decl. ¶ 9, and the putative class members generally worked three to five days per week.  Bukszar Decl. ¶ 10.  Plaintiffs do not specify the frequency with which this violation allegedly occurred, but estimating that the 501 employees in

---

[2] While Plaintiffs assert a longer Class Period and a longer Sub-Class Period, Crisis24 Protective Solutions, LP was acquired on or about July 1, 2021.  Bukszar Decl. ¶ 4.  Thus, Defendant calculates the amount in controversy from July 1, 2021 onward, noting that to the extent any additional workweeks prior to July 1, 2021 are also at issue, Defendant's estimate of the total amount in controversy is, if anything, an *underestimate*.

the putative class worked 1 hour of unpaid time per week on average at their regular rate and 1 hour of unpaid time at their overtime rate per week (at a 1.5X rate) on average, and applying the aforementioned weighted average hourly rate ($39.93) across the 25,145 workweeks at issue, the amount placed in controversy by the unpaid wages claim is $2,510,099.63 ((Unpaid wages: $39.93 * 1 hour * 25,145 weeks = $1,004,039.85) + (Unpaid overtime: $59.895 * 1 hour * 25,145 = $1,506,059.78)).

        d.    *Wage Statement Penalties.*  On behalf of themselves and the putative Sub-Class members, Plaintiffs seek to recover liquidated damages of fifty dollars for the initial pay period in which any failure to itemize wage statements occurred and one hundred dollars for each subsequent violation. *E.g.*, Complaint at ¶ 104. Plaintiffs do not specify the frequency with which this violation allegedly occurred, but seemingly assert every wage statement issued by Crisis24 was flawed. *See, e.g.*, Complaint at ¶ 14. The statute of limitations for such a claim for statutory penalties is one year, and so Defendant will use the one-year limitations period in its analysis of the amount in controversy here.[3] Cal. Code Civ. Proc. § 340. The putative Sub-Class includes the approximately 443 current and former non-exempt employees of Crisis24 in California who received at least one wage statement in the year preceding the filing of the Complaint (July 7, 2022, to July 7, 2023). Bukszar Decl. ¶ 11. Of these 443 current and former employees, at least 265 received more than 20 wage statements over the same one-year time period. Bukszar Decl. ¶ 11. As such, each of their claims places at least $2,050 in controversy ((1 violation * $50) + (20 violations * $100)). In total, these claims place at least $543,250.00 in controversy ($2,050 * 265 employees).

        e.    *Waiting Time Penalties.*  On behalf of Plaintiff Fox and the putative Sub-Class members whose employment has terminated and who have not been fully paid their wages

---

[3] To the extent Plaintiffs seek damages for alleged wage statement violations, rather than statutory penalties over the one-year period applicable under California Code of Civil Procedure section 340, *see* Complaint ¶ 104 (acknowledging "[t]hese damages are difficult to estimate"), Plaintiffs would likely seek the greater amount as between damages and statutory penalties. Thus, Defendant's estimate of the amount in controversy based on the one-year statutory period for penalty recovery is, if anything, a conservative estimate.

due to them, Plaintiffs seek to recover thirty days of pay as penalty for not paying all wages due at the time of termination for all employees terminated during the Sub-Class Period, including interest and statutory costs. *E.g.*, Complaint ¶ 116. Approximately 179 members of the putative Sub-Class were terminated from their employment with Crisis24 between July 1, 2021, to July 7, 2023. Bukszar Decl. ¶ 12. The hourly rates for these terminated employees range from approximately $25 to $63.18. *Id.* Applying 8 hours of wages at the terminated employees' hourly wage rates for a period of 30 days produces amounts in controversy for each of the 179 terminated putative Sub-Class members between approximately $6,000 to $15,139.20. *Id.* Adding together the individual claims of these 179 putative Sub-Class members results in a total amount in controversy for this claim of approximately $1,599,592.80. *Id.*

    f. Totaling up the foregoing claims results in an amount in controversy of $6,661,022.13 ($2,008,079.70 + $2,510,099.63 + $543,250.00 + $1,599,592.80).

    g. The above calculations do not include several other of Plaintiffs' claims or damages theories, including Plaintiffs' request for attorneys' fees, which would be properly included in the amount in controversy calculus. *See e.g.*, *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019); *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). Additional amounts in controversy are further implicated by Plaintiffs' requests for interest, expenses, and costs. Although the amounts placed in controversy by these requests are not calculated herein because the amount in controversy well exceeds $5,000,000 even excluding such claims, Defendant reserves the right to include these additional amounts in the amount in controversy calculus so should Plaintiffs challenge the amount in controversy.

  21. <u>Timeliness</u>. As explained above, Defendant has timely filed this Notice of Removal within thirty days after the date of service, pursuant to 28 U.S.C. § 1446(b).

  22. <u>CAFA's Exceptions Do Not Apply</u>. Plaintiffs cannot meet their burden to establish that any jurisdictional exception under CAFA applies.[4] As established above, Defendant is not a

---

[4] The party opposing removal to federal court "bears the burden of proving the applicability of any express statutory exception" under CAFA. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d

citizen of California, and therefore no defendant is a "citizen of the State in which the action was originally filed," as required for each exception to CAFA removal under 28 U.S.C. §§ 1332(d)(3) and (4). Nor does this action involve a claim (1) concerning a covered security, (2) relating to the internal affairs or governance of a corporation or business enterprise that arises under or by virtue of the laws of the State in which the corporation or business enterprise is incorporated or organized (the so-called "Delaware carve-out"), or (3) concerning the rights, duties, and obligations relating to any security.

## ADDITIONAL BASES FOR JURISDICTION EXIST

23. This Court also has jurisdiction pursuant to 28 U.S.C. § 1441(a) on the basis that it is a civil action wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a). Both of these requirements are met for Plaintiffs' individual claims, which accordingly afford an independent basis for removal.

24. As explained above, Plaintiffs are citizens of California and Defendant is a citizen of Delaware and Florida.

25. When seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 89 (2014). A defendant need only to establish by a preponderance of evidence that the claims exceed the jurisdictional minimum. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *see Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). "The amount in controversy may include "damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes.'" *Chavez*, 888 F.3d at 416 (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016)). "In assessing the amount in controversy, [the Court] may consider allegations in the

---

1199, 1206 (E.D. Cal. 2008) (citing *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023-24 (9th Cir. 2007)).

complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez*, 888 F.3d at 416.

26. Plaintiffs' prayer for punitive damages should be considered when assessing the amount in controversy. *See Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-01945, 2016 WL 3902838, at *6 (N.D. Cal. July 19, 2016) (claim for punitive damages in employment discrimination and retaliation case established amount in controversy because punitive damage awards in similar cases have exceeded jurisdictional threshold). Employment cases in California have resulted in punitive damages awards exceeding $75,000. *See, e.g., Pande v. ChevronTexaco Corp.*, No. 04-05107, 2008 WL 906507, at *1 (N.D. Cal. Apr. 1, 2008) (plaintiff awarded $2.5 million in punitive damages on CFRA, FEHA, and related violation of public policy under California law claims); *Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1137 (1998) (affirming $3.5 million punitive damages award against employer in FEHA discrimination case). Accordingly, Plaintiffs' punitive damages prayer on their individual claims by itself establishes the amount in controversy.

27. Even putting aside Plaintiffs' prayer for punitive damages, verdicts often result in awards of actual damages exceeding $75,000 for claims of the type alleged here. *See, e.g.*, *Liu v. WCHS LLC, et al.*, No. 21STCV13684, 2022 WL 20100967 (Cal. Superior, Los Angeles County Oct. 26, 2022) (awarding $454,756 in an individual employment case involving disability discrimination); *Parker v. Innovative Speech Therapy & Commc'n Servs. Inc.*, No. 19STCV36310, 2022 WL 17829090 (Cal. Superior, Los Angeles County Sept. 8, 2022) (awarding $200,732 in an individual employment case involving wrongful termination and disability discrimination); *Argueta v. North Ranch Bodycraft & Glass Inc.*, No. 19STCV40826, 2022 WL 19330729 (Cal. Superior, Los Angeles County Aug. 31, 2022) (awarding $301,600, including $100,000 for pain and suffering, in an individual employment case involving wrongful termination)); *Gonzalez v. M & C Hotel Interests Inc.*, No. 19STCV37625, 2022 WL 3225682 (Cal. Superior, Los Angeles County March 7, 2022) (awarding $150,000, including $90,000 in pain and suffering, in an individual employment case involving disability discrimination and wrongful termination); *Estelle v. Los Angeles County Metropolitan Transportation Authority*, No.

BC526217, 2015 WL 4648043 (Cal. Superior, Los Angeles County June 26, 2015) (awarding $625,000 for an individual employment case involving disability discrimination and claims pursuant to California Government Code section 12940(m)); *David F. Jadwin, D.O. v. County of Kern*, No. 07-cv-00026-OWW, 2009 WL 5248486 (E.D. Cal. June 8, 2009) (awarding $505,557 in an individual employment case regarding protected activities, disability discrimination, and failure to accommodate).

28. Moreover, if Plaintiffs' request for attorneys' fees are recoverable for these claims, as Plaintiffs assert, they are properly included in the amount in controversy calculus. *Galt G/S v. JSS Scandinavia*, 142 F3d 1150, 1155-1156 (9th Cir. 1998). Additional amounts in controversy are further implicated by Plaintiffs' other damage theories, including Plaintiffs' requests for special damages. Although the amounts placed in controversy by these requests are not calculated herein because the amount in controversy well exceeds $75,000 even excluding such claims, Defendant reserves the right to include these additional amounts in the amount in controversy calculus so should Plaintiffs challenge the amount in controversy.

**OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED**

29. Removal to this judicial district is proper under 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of California embraces the County of Santa Clara.

30. Defendant has complied with 28 U.S.C. § 1446(a), and will comply with 28 U.S.C. §1446(d). Under 28 U.S.C. § 1446(a), copies of all process, pleadings, or orders served on Defendant are attached as exhibits to the Declaration of Joseph D. Lee, filed concurrently. In compliance with 28 U.S.C. § 1446(d), a Notice to State Court of Removal, with a copy of this Notice of Removal and supporting papers attached, will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, Case No. 23CV418864. Defendant will also be serving the Notice to State Court of Removal, with a copy of this Notice of Removal and supporting papers attached, on Plaintiffs' counsel. The Certificate of Service for this Notice of Removal and supporting papers is also filed herewith.

-11-
DEFENDANT'S NOTICE OF REMOVAL

31. No additional party's consent is necessary for removal. Plaintiffs have named as Defendant only Crisis24 Protective Solutions LP, and Does 1 through 50. To Defendant's knowledge, Plaintiffs have not served any Doe Defendants with the Complaint, and so their consent is not necessary for removal. 28 U.S.C. § 1446(b)(2)(A).

32. Defendant is represented by the undersigned counsel who certify, under Rule 11 of the Federal Rules of Civil Procedure, that the foregoing is true and correct.

## CONCLUSION

Defendant respectfully requests that Plaintiffs' state court action be removed to this Court for determination and that all further proceedings in the state court suit be stayed. By this Notice, Defendant does not waive any objections it may have to improper service, jurisdiction, or venue, or any other defenses or objections they may possess.

DATED: September 28, 2023

MUNGER, TOLLES & OLSON LLP
MALCOLM A. HEINICKE
JOSEPH D. LEE

By: */s/ Joseph D. Lee*
JOSEPH D. LEE

Attorneys for Defendant
CRISIS24 PROTECTIVE SOLUTIONS, LP