1  MALCOLM A. HEINICKE (SBN 194174)
   malcolm.heinicke@mto.com
2  MUNGER, TOLLES & OLSON LLP
   560 Mission Street, 27th Floor
3  San Francisco, California 94105-2907
   Telephone:    (415) 512-4000
4  Facsimile:    (415) 512-4077

5  JOSEPH D. LEE (SBN 110840)
   joseph.lee@mto.com
6  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue, 50th Floor
7  Los Angeles, California 90071-3426
   Telephone:    (213) 683-9100
8  Facsimile:    (213) 687-3702

9  Attorneys for Defendant
   CRISIS24 PROTECTIVE SOLUTIONS, LP
10

11                UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                    SAN JOSE DIVISION

14

15 RUSTIN FOX and GABRIELE SANTI,            Case No.
   individuals, on behalf of themselves and on
16 behalf of all persons similarly situated,
                       Plaintiffs,           **DECLARATION OF JOSEPH D. LEE IN**
17                                            **SUPPORT OF NOTICE OF REMOVAL**
           vs.                                **OF ACTION PURSUANT TO 28 U.S.C.**
18                                            **§§ 1332, 1441, 1446, AND 1453**
   CRISIS24 PROTECTIVE SOLUTIONS, LP, a
19 Limited Partnership; and DOES 1 through 50,
   inclusive,                                 Complaint Filed:    July 7, 2023
20
               Defendants.
21

22

23

24

25

26

27

28

DECLARATION OF JOSEPH D. LEE IN SUPPORT OF NOTICE OF REMOVAL

I, Joseph D. Lee, declare as follows:

1.      I am a member of the law firm of Munger, Tolles & Olson LLP, counsel for Defendant Crisis24 Protective Solutions, LP.  I am admitted to practice in the State of California and in the United States District Court for the Northern District of California.  The facts set forth herein are known to me personally, and, if called as a witness, I could and would testify competently thereto.

2.      Attached hereto as **Exhibit A** is a true and correct copy of a service package reflecting that, on September 1, 2023, Plaintiffs Rustin Fox and Gabriele Santi (together "Plaintiffs") served on Crisis24 Protective Solutions, LP's registered agent via process server the following documents: the Summons, Complaint, Civil Lawsuit Notice, Civil Case Cover Sheet, Santa Clara County Superior Court Alternative Dispute Resolution Information Sheet, and Superior Court of California, County of Santa Clara Complex Civil Guidelines.

3.      As reflected in the attached Complaint, on July 7, 2023, Plaintiffs, on behalf of themselves and on behalf of all persons similarly situated, filed a class action complaint in the Superior Court of the State of California for the County of Santa Clara against Defendant Crisis24 Protective Solutions, LP ("Crisis24"), entitled *Rustin Fox and Gabriele Santi, individuals, on behalf of themselves and on behalf of all persons similarly situated v. Crisis24 Protective Solutions, LP, a Limited Partnership; and DOES 1 through 50, inclusive*, Case No. 23CV418864 (the "State Court Action").  A true and correct copy of the Complaint in the State Court Action is included in Exhibit A attached hereto.

4.      On September 27, 2023 Defendant Crisis24 filed its Answer and General Denial in the State Court Action.  A true and correct copy of the Answer is attached as **Exhibit B**.

5.      Exhibits A and B collectively comprise all of the documents filed thus far in the State Court Action.

/ / /

/ / /

/ / /

/ / /

1   6.  Defendant' Notice of Removal is being filed September 28, 2023, within 30 days of

2 the date of service on Defendant.  It is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

3   I declare under penalty of perjury under the laws of the United States of America and the

4 State of California that the foregoing is true and correct.

5   This declaration was executed on September 28, 2023, at Los Angeles, California.

6

7

8            JOSEPH D. LEE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JOSEPH D. LEE IN SUPPORT OF NOTICE OF REMOVAL

# EXHIBIT A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
09/01/2023
CT Log Number 544639800

## Service of Process Transmittal Summary

**TO:**    GPS Legal Notices Crisis24
Crisis24, Inc.
2000 NW CORPORATE BLVD
BOCA RATON, FL 33431-7304

**RE:**    **Process Served in California**

**FOR:**    Crisis24 Protective Solutions, LP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: RUSTIN FOX and GABRIELE SANTI, individuals, on behalf of themselves and on behalf of all persons similarly situated // To: Crisis24 Protective Solutions, LP |
| **CASE #:** | 23CV418864 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/01/2023 at 11:55 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  GPS Legal Notices Crisis24  gpslegalnotice@crisis24.com |
| | Email Notification,  STACIE JOYNER-PETTWAY  stacie.joyner-pettway@crisis24.com |
| | Email Notification,  Gabriela Gonzalez  gabriela.gonzalez@crisis24.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-467-3525<br>SmallBusinessTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Fri, Sep 1, 2023
**Server Name:**                             COUNTY LEGAL

| Entity Served | crisis24 protective solutions, lp |
|---|---|
| Case Number | 23CV418864 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>CRISIS24 PROTECTIVE SOLUTIONS, LP, a Limited Partnership; and DOES 1 through 50, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>RUSTIN FOX and GABRIELE SANTI, individuals, on behalf of themselves and on behalf of all persons similarly situated, | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>E-FILED<br>7/7/2023 1:10 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>23CV418864<br>Reviewed By: R. Cachux<br>Envelope: 12421879 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>Downtown<br>191 North First Street , San Jose, CA 95113 | CASE NUMBER:<br>*(Número del Caso):*<br>**23CV418864** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Norman B. Blumenthal    (Bar # 68687)

Blumenthal Nordrehaug Bhowmik De Blouw LLP, 2255 Calle Clara, La Jolla, CA 92037

Fax No.: (858) 551-1232
Phone No.: (858) 551-1223

| DATE: 7/7/2023 1:10 PM | Clerk of Court | Clerk, by | R. Cachux | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* CRISIS24 PROTECTIVE SOLUTIONS, LP

under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership)       ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

[SEAL]

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |

E-FILED
7/7/2023 1:10 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
23CV418864
Reviewed By: R. Cachux

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
Nicholas J. De Blouw (State Bar #280922)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SANTA CLARA

23CV418864

| | |
|---|---|
| RUSTIN FOX and GABRIELE SANTI, individuals, on behalf of themselves and on behalf of all persons similarly situated, <br><br><br><br> Plaintiffs, <br><br> vs. <br><br> CRISIS24 PROTECTIVE SOLUTIONS, LP, a Limited Partnership; and DOES 1 through 50, inclusive, <br><br><br> Defendants. | Case No. _____ <br> **CLASS ACTION COMPLAINT FOR:** <br> 1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*; <br> 2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1; <br> 3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE § 510; <br> 4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; <br> 5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; <br> 6. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; <br> 7. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; <br> 8. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203; <br> 9. FAILURE TO PAY SICK PAY WAGES IN VIOLATION OF CAL. LAB CODE §§201-204, 233, 246; <br> 10. DISCRIMINATION AND RETALIATION IN VIOLATION OF FEHA; <br> 11. FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF CAL. GOV. CODE § 12940(m); <br> 12. FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF CAL. GOV. CODE § 12940(m); and, <br> 13. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY. <br> **DEMAND FOR A JURY TRIAL** |

1

1     Rustin Fox and Gabriele Santi ("PLAINTIFFS"), individuals, on behalf of themselves
2  and all other similarly situated current and former employees allege on information and belief,
3  except for their own acts and knowledge which are based on personal knowledge, the following.
4
5                                    **THE PARTIES**
6     1.     Crisis24 Protective Solutions, LP ("DEFENDANT") is a limited partnership that
7  at all relevant times mentioned herein conducted and continues to conduct substantial business
8  in California.
9     2.     DEFENDANT provides security services in California.
10    3.     Plaintiff Fox was employed by DEFENDANT in California from October of 2022
11 to January of 2023. Plaintiff Fox was at all times classified by DEFENDANT as a non-exempt
12 employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and
13 payment of minimum and overtime wages due for all time worked.
14    3.     Plaintiff Santi has been employed by DEFENDANT in California since September
15 of 2022. Plaintiff Santi was at all times classified by DEFENDANT as a non-exempt employee,
16 paid on an hourly basis, and entitled to the legally required meal and rest periods and payment
17 of minimum and overtime wages due for all time worked.
18    4.     PLAINTIFFS bring this Class Action on behalf of themselves and a California
19 class, defined as all individuals who are or previously were employed by DEFENDANT in
20 California, including any employees staffed with DEFENDANT by a third party, and classified
21 as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period
22 beginning four (4) years prior to the filing of this Complaint and ending on the date as
23 determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy
24 for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars
25 ($5,000,000.00).
26    5.     PLAINTIFFS bring this Class Action on behalf of themselves and a
27 CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their
28 losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's

1  policy and practice which failed to lawfully compensate these employees. DEFENDANT's

2  policy and practice alleged herein was an unlawful, unfair and deceptive business practice

3  whereby DEFENDANT retained and continues to retain wages due PLAINTIFFS and the

4  other members of the CALIFORNIA CLASS.  PLAINTIFFS and the other members of the

5  CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the

6  future, relief for the named PLAINTIFFS and the other members of the CALIFORNIA

7  CLASS who have been economically injured by DEFENDANT's past and current unlawful

8  conduct, and all other appropriate legal and equitable relief.

9         6.      The true names and capacities, whether individual, corporate, subsidiary,

10  partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are

11  presently unknown to PLAINTIFFS who therefore sue these Defendants by such fictitious

12  names pursuant to Cal. Civ. Proc. Code § 474.  PLAINTIFFS will seek leave to amend this

13  Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when

14  they are ascertained.  PLAINTIFFS are informed and believe, and based upon that

15  information and belief allege, that the Defendants named in this Complaint, including DOES

16  1 through 50, inclusive, are responsible in some manner for one or more of the events and

17  happenings that proximately caused the injuries and damages hereinafter alleged.

18        7.      The agents, servants and/or employees of the Defendants and each of them

19  acting on behalf of the Defendants acted within the course and scope of his, her or its

20  authority as the agent, servant and/or employee of the Defendants, and personally

21  participated in the conduct alleged herein on behalf of the Defendants with respect to the

22  conduct alleged herein.  Consequently, the acts of each Defendant are legally attributable to

23  the other Defendants and all Defendants are jointly and severally liable to PLAINTIFFS and

24  the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result

25  of the conduct of the Defendants' agents, servants and/or employees.

26  ///

27  ///

28  ///

1

2

## THE CONDUCT

3    8.    Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT

4   was required to pay PLAINTIFFS and CALIFORNIA CLASS Members for all their time

5   worked, meaning the time during which an employee is subject to the control of an

6   employer, including all the time the employee is suffered or permitted to work.

7   DEFENDANT requires PLAINTIFFS and CALIFORNIA CLASS Members to work

8   without paying them for all the time they are under DEFENDANT's control. Among other

9   things, DEFENDANT requires PLAINTIFFS to work while clocked out during what is

10   supposed to be PLAINTIFFS' off-duty meal break. PLAINTIFFS were from time to time

11   interrupted by work assignments while clocked out for what should have been

12   PLAINTIFFS' off-duty meal break. DEFENDANT, as a matter of established company

13   policy and procedure, administers a uniform practice of rounding the actual time worked and

14   recorded by PLAINTIFFS and CALIFORNIA CLASS Members, always to the benefit of

15   DEFENDANT, so that during the course of their employment, PLAINTIFFS and

16   CALIFORNIA CLASS Members are paid less than they would have been paid had they

17   been paid for actual recorded time rather than "rounded" time.  Additionally,  DEFENDANT

18   engages in the practice of requiring PLAINTIFFS and CALIFORNIA CLASS Members to

19   perform work off the clock in that DEFENDANT, as a condition of employment, required

20   these employees to submit to mandatory temperature checks and symptom questionnaires for

21   COVID-19 screening prior to clocking into DEFENDANT's timekeeping system for the

22   workday. As a result, PLAINTIFFS and other CALIFORNIA CLASS Members forfeit

23   minimum wage, overtime wage compensation, and off-duty meal breaks by working without

24   their time being correctly recorded and without compensation at the applicable rates.

25   DEFENDANT's policy and practice not to pay PLAINTIFFS and other CALIFORNIA

26   CLASS Members for all time worked, is evidenced by DEFENDANT's business records.

27    9.    State and federal law provides that employees must be paid overtime and meal

28   and rest break premiums at one-and-one-half times their "regular rate of pay."

1  PLAINTIFFS and other CALIFORNIA CLASS Members are compensated at an hourly rate

2  plus incentive pay that is tied to specific elements of an employee's performance.

3        10.     The second component of PLAINTIFFS' and other CALIFORNIA CLASS

4  Members' compensation is DEFENDANT's non-discretionary incentive program that paid

5  PLAINTIFFS and other CALIFORNIA CLASS Members incentive wages based on their

6  performance for DEFENDANT.  The non-discretionary incentive program provided all

7  employees paid on an hourly basis with incentive compensation when the employees met the

8  various performance goals set by DEFENDANT.  However, when calculating the regular

9  rate of pay in order to pay overtime and meal and rest break premiums to PLAINTIFFS and

10  other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive

11  compensation as part of the employees' "regular rate of pay" for purposes of calculating

12  overtime pay and meal and rest break premium pay.  Management and supervisors described

13  the incentive program to potential and new employees as part of the compensation package.

14  As a matter of law, the incentive compensation received by PLAINTIFFS and other

15  CALIFORNIA CLASS Members must be included in the "regular rate of pay."  The failure

16  to do so has resulted in a underpayment of overtime compensation and meal and rest break

17  premiums to PLAINTIFFS and other CALIFORNIA CLASS Members by DEFENDANT.

18        11.     As a result of their rigorous work schedules, PLAINTIFFS and other

19  CALIFORNIA CLASS Members were from time to time unable to take thirty (30) minute

20  off duty meal breaks and were not fully relieved of duty for their meal periods.

21  PLAINTIFFS and other CALIFORNIA CLASS Members were required from time to time

22  to perform work as ordered by DEFENDANT for more than five (5) hours during some

23  shifts without receiving a meal break.  Further, DEFENDANT from time to time failed to

24  provide PLAINTIFFS and CALIFORNIA CLASS Members with a second off-duty meal

25  period for some workdays in which these employees were required by DEFENDANT to

26  work ten (10) hours of work.  DEFENDANT also engaged in the practice of rounding the

27  meal period times to avoid paying penalties to PLAINTIFFS and other CALIFORNIA

28  CLASS Members.  PLAINTIFFS and other members of the CALIFORNIA CLASS

1   therefore forfeit meal breaks without additional compensation and in accordance with
2   DEFENDANT's corporate policy and practice.
3          12.    During the CALIFORNIA CLASS PERIOD, PLAINTIFFS and other
4   CALIFORNIA CLASS Members were also required from time to time to work in excess of
5   four (4) hours without being provided ten (10) minute rest periods. Further, these employees
6   were denied their first rest periods of at least ten (10) minutes for some shifts worked of at
7   least two (2) to four (4) hours from time to time, a first and second rest period of at least ten
8   (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to
9   time, and a first, second and third rest period of at least ten (10) minutes for some shifts
10  worked of ten (10) hours or more from time to time. PLAINTIFFS and other CALIFORNIA
11  CLASS Members were also not provided with one hour wages in lieu thereof. Additionally,
12  the applicable California Wage Order requires employers to provide employees with off-
13  duty rest periods, which the California Supreme Court defined as time during which an
14  employee is relieved from all work related duties and free from employer control. In so
15  doing, the Court held that the requirement under California law that employers authorize and
16  permit all employees to take rest period means that employers must relieve employees of all
17  duties and relinquish control over how employees spend their time which includes control
18  over the locations where employees may take their rest period. Employers cannot impose
19  controls that prohibit an employee from taking a brief walk - five minutes out, five minutes
20  back. Here, DEFENDANT's policy restricted PLAINTIFFS and other CALIFORNIA
21  CLASS Members from unconstrained walks and is unlawful based on DEFENDANT's rule
22  which states PLAINTIFFS and other CALIFORNIA CLASS Members cannot leave the
23  work premises during their rest period.
24         13.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to
25  accurately record and pay PLAINTIFFS and other CALIFORNIA CLASS Members for the
26  actual amount of time these employees worked. Pursuant to the Industrial Welfare
27  Commission Wage Orders, DEFENDANT was required to pay PLAINTIFFS and other
28  CALIFORNIA CLASS Members for all time worked, meaning the time during which an

1  employee was subject to the control of an employer, including all the time the employee was

2  permitted or suffered to permit this work. DEFENDANT required these employees to work

3  off the clock without paying them for all the time they were under DEFENDANT's control.

4  As such, DEFENDANT knew or should have known that PLAINTIFFS and the other

5  members of the CALIFORNIA CLASS were under compensated for all time worked. As a

6  result, PLAINTIFFS and other CALIFORNIA CLASS Members forfeited time worked by

7  working without their time being accurately recorded and without compensation at the

8  applicable minimum wage and overtime wage rates. To the extent that the time worked off

9  the clock does not qualify for overtime premium payment, DEFENDANT fails to pay

10  minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194,

11  1197, and 1197.1.

12      14.    From time to time, DEFENDANT also failed to provide PLAINTIFFS and the

13  other members of  the CALIFORNIA CLASS with complete and accurate wage statements

14  which failed to show, among other things, the correct gross and net wages earned. Cal. Lab.

15  Code § 226 provides that every employer shall furnish each of his or her employees with an

16  accurate itemized wage statement in writing showing, among other things, gross wages

17  earned and all applicable hourly rates in effect during the pay period and the corresponding

18  amount of time worked at each hourly rate. PLAINTIFFS and CALIFORNIA CLASS

19  Members were paid on an hourly basis. As such, the wage statements should reflect all

20  applicable hourly rates during the pay period and the total hours worked, and the applicable

21  pay period in which the wages were earned pursuant to California Labor Code Section

22  226(a). The wage statements DEFENDANT provided to PLAINTIFFS and other

23  CALIFORNIA CLASS Members failed to identify such information. More specifically, the

24  wage statements failed to identify the accurate total hours worked each pay period. When

25  the hours shown on the wage statements were added up, they did not equal the actual total

26  hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2). Aside, from

27  the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFFS

28  an itemized wage statement that lists all the requirements under California Labor Code 226

7

*et seq*. As a result, DEFENDANT from time to time provided PLAINTIFFS and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

15.    Cal. Lab. Code § 204(d) provides, the requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.  Cal. Lab. Code § 210 provides:

> [I]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections. . . .204. . .shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

16.    DEFENDANT from time to time failed to pay PLAINTIFFS and members of the CALIFORNIA LABOR SUB-CLASS Members within seven (7) days of the close of the payroll period in accordance with Cal. Lab. Code § 204(d), including but not limited to for the "Hourly" regular wage payments.

17.    DEFENDANT underpaid sick pay wages to PLAINTIFFS and other CALIFORNIA CLASS Members by failing to pay such wages at the regular rate of pay in violation of Cal. Lab. Code Section 246.  Specifically, PLAINTIFFS and other non-exempt employees earn non-discretionary remuneration.  Rather than pay sick pay at the regular rate of pay, DEFENDANT underpaid sick pay to PLAINTIFFS and other CALIFORNIA CLASS Members at their base rates of pay.

18.    Cal. Lab. Code Section 246(l)(2) requires that paid sick time for nonexempt employees be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

19.    DEFENDANT violated Cal. Lab. Code Section 246 by failing to pay sick pay at the regular rate of pay. PLAINTIFFS and CALIFORNIA CLASS Members routinely earned non-discretionary incentive wages which increased their regular rate of pay.

8

1   However, when sick pay was paid, it was paid at the base rate of pay for PLAINTIFFS and
2   members of the CALIFORNIA CLASS, as opposed to the correct, higher regular rate of pay,
3   as required under Cal. Lab. Code Section 246.

4       20.    As a pattern and practice, DEFENDANT regularly failed to pay PLAINTIFFS
5   and other members of the CALIFORNIA CLASS their correct wages and accordingly owe
6   waiting time penalties pursuant to Cal. Lab. Code Section 203. Further, PLAINTIFFS are
7   informed and believe and based thereon allege that such failure to pay sick pay at regular
8   rate was willful, such that PLAINTIFFS and members of the CALIFORNIA CLASS whose
9   employment has separated are entitled to waiting time penalties pursuant to Cal. Lab. Code
10  Sections 201-203.

11      21.    Pursuant to Cal. Lab. Code Section 221, "It shall be unlawful for any employer
12  to collect or receive from an employee any part of wages theretofore paid by said employer
13  to said employee." DEFENDANT failed to pay all compensation due to PLAINTIFFS and
14  other CALIFORNIA LABOR SUB-CLASS Members, made unlawful deductions from
15  compensation payable to PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS
16  Members, failed to disclose all aspects of the deductions from compensation payable to
17  PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members, and thereby failed to
18  pay these employees all wages due at each applicable pay period and upon termination.
19  PLAINTIFFS and members of the CALIFORNIA LABOR SUB-CLASS seek recovery of
20  all illegal deductions from wages according to proof, related penalties, interest, attorney fees
21  and costs.

22      22.    DEFENDANT intentionally and knowingly failed to reimburse and indemnify
23  PLAINTIFFS and the other CALIFORNIA CLASS Members for required business expenses
24  incurred by the PLAINTIFFS and other CALIFORNIA CLASS Members in direct
25  consequence of discharging their duties on behalf of DEFENDANT.  Under California
26  Labor Code Section 2802, employers are required to indemnify employees for all expenses
27  incurred in the course and scope of their employment.  Cal. Lab. Code § 2802 expressly
28  states that "an employer shall indemnify his or her employee for all necessary expenditures

or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

23.     In the course of their employment PLAINTIFFS and other CALIFORNIA CLASS Members as a business expense, were required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit. Specifically, PLAINTIFFS and other CALIFORNIA CLASS Members were required by DEFENDANT to use their personal cellular phones.  As a result, in the course of their employment with DEFENDANT, PLAINTIFFS and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

24.     In violation of the applicable sections of the California Labor Code and the requirements of the applicable Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as a matter of company policy, practice and procedure, intentionally, knowingly and systematically failed to provide PLAINTIFFS and the other Aggrieved Employees suitable seating when the nature of these employees' work reasonably permitted sitting.

25.     DEFENDANT knew or should have known that PLAINTIFFS and other Aggrieved Employees were entitled to suitable seating and/or were entitled to sit when it did not interfere with the performance of their duties, and that DEFENDANT did not provide suitable seating and/or did not allow them to sit when it did not interfere with the performance of their duties.

26.     By reason of this conduct applicable to PLAINTIFFS and all Aggrieved Employees, DEFENDANT violated California Labor Code Section 1198 and California Code of Regulations, Title 8, Section 11070(14) (Failure to Provide Seating),  Wage Order

10

4-2001, Section 14 by failing to provide suitable seats. PLAINTIFFS seek penalties on behalf of PLAINTIFFS and other Aggrieved Employees as provided herein. Providing suitable seating is the DEFENDANT's burden. As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT violated the California Labor Code and regulations promulgated thereunder as herein alleged.

27.    Specifically as to PLAINTIFFS, DEFENDANT failed to provide all the legally required off-duty meal and rest breaks to PLAINTIFFS as required by the applicable Wage Order and Labor Code and failed to pay PLAINTIFFS all minimum and overtime wages due to PLAINTIFFS. DEFENDANT did not have a policy or practice which provided timely off-duty meal and rest breaks to PLAINTIFFS and also failed to compensate PLAINTIFFS for PLAINTIFFS' missed meal and rest breaks. The nature of the work performed by the PLAINTIFFS did not prevent PLAINTIFFS from being relieved of all of PLAINTIFFS' duties for the legally required off-duty meal periods. As a result, DEFENDANT's failure to provide PLAINTIFFS with the legally required meal periods is evidenced by DEFENDANT's business records.

## JURISDICTION AND VENUE

28.    This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This action is brought as a Class Action on behalf of PLAINTIFFS and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

29.    Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFFS worked in this County for DEFENDANT and  DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS.

**THE CALIFORNIA CLASS**

30.    PLAINTIFFS bring the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

31.    To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

32.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to record all meal and rest breaks missed by PLAINTIFFS and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work.

33.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all meal and rest breaks missed as required by California laws. The DEFENDANT, however, as a matter of policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law. This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as

12

1  unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.*

2  (the "UCL") as causation, damages, and reliance are not elements of this claim.

3     34.   The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA

4  CLASS Members is impracticable.

5     35.   DEFENDANT violated the rights of the CALIFORNIA CLASS under

6  California law by:

7           (a)   Committing an act of unfair competition in violation of , Cal. Bus. &

8                 Prof. Code §§ 17200, *et seq.* (the "UCL"), by unlawfully, unfairly

9                 and/or deceptively having in place company policies, practices and

10                procedures that failed to record and pay PLAINTIFFS and the other

11                members of the CALIFORNIA CLASS for all time worked, including

12                minimum wages owed and overtime wages owed for work performed

13                by these employees; and,

14          (b)   Committing an act of unfair competition in violation of the UCL, by

15                failing to provide the PLAINTIFFS and the other members of the

16                CALIFORNIA CLASS with the legally required meal and rest periods.

17    36.   This Class Action meets the statutory prerequisites for the maintenance of a

18  Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

19          (a)   The persons who comprise the CALIFORNIA CLASS are so numerous

20                that the joinder of all such persons is impracticable and the disposition

21                of their claims as a class will benefit the parties and the Court;

22          (b)   Nearly all factual, legal, statutory, declaratory and injunctive relief

23                issues that are raised in this Complaint are common to the

24                CALIFORNIA CLASS will apply to every member of the

25                CALIFORNIA CLASS;

26          (c)   The claims of the representative PLAINTIFFS are typical of the claims

27                of each member of the CALIFORNIA CLASS.  PLAINTIFFS, like all

28                the other members of the CALIFORNIA CLASS, were classified as a

13

non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's deceptive practice and policy which failed to provide the legally required meal and rest periods to the CALIFORNIA CLASS and thereby underpaid compensation to PLAINTIFFS and CALIFORNIA CLASS. PLAINTIFFS sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFFS and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive and unfair misconduct engaged in by DEFENDANT; and,

(d)    The representative PLAINTIFFS will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and have retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFFS and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

37.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)    Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due to members of the CALIFORNIA CLASS as required by law;

1)    With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFFS seek declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)    Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)    The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic

15

losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

    A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B.    Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

38.   This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)   The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)   The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)   PLAINTIFFS, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)   There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)   DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-

17

1    wide relief appropriate with respect to the CALIFORNIA CLASS as a

2    whole;

3    (h)    The members of the CALIFORNIA CLASS are readily ascertainable

4    from the business records of DEFENDANT; and,

5    (i)    Class treatment provides manageable judicial treatment calculated to

6    bring a efficient and rapid conclusion to all litigation of all wage and

7    hour related claims arising out of the conduct of DEFENDANT as to

8    the members of the CALIFORNIA CLASS.

9    39.    DEFENDANT maintains records from which the Court can ascertain and

10    identify by job title each of DEFENDANT's employees who have been intentionally

11    subjected to DEFENDANT's company policy, practices and procedures as herein alleged.

12    PLAINTIFFS will seek leave to amend the Complaint to include any additional job titles of

13    similarly situated employees when they have been identified.

14

15    ## THE CALIFORNIA LABOR SUB-CLASS

16    40.    PLAINTIFFS further bring the Second, Third, Fourth, Fifth, Sixth, Seventh,

17    Eighth and Ninth causes Action on behalf of a California sub-class, defined as all members

18    of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in

19    California, including any employees staffed with DEFENDANT by a third party, and

20    classified as non exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any

21    time during the period three (3) years prior to the filing of the complaint and ending on the

22    date as determined by the Court  (the "CALIFORNIA LABOR SUB-CLASS PERIOD")

23    pursuant to Cal. Code of Civ. Proc. § 382. The amount in controversy for the aggregate

24    claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars

25    ($5,000,000.00).

26    41.    DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare

27    Commission ("IWC") Wage Order requirements, and the applicable provisions of California

28    law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT

1   failed to correctly calculate compensation for the time worked by PLAINTIFFS and the
2   other members of the CALIFORNIA LABOR SUB-CLASS and reporting time wages owed
3   to these employees, even though DEFENDANT enjoyed the benefit of this work, required
4   employees to perform this work and permitted or suffered to permit this work.
5   DEFENDANT has denied these CALIFORNIA LABOR SUB-CLASS Members wages to
6   which these employees are entitled in order to unfairly cheat the competition and unlawfully
7   profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR
8   SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD
9   should be adjusted accordingly.

10      42.      DEFENDANT maintains records from which the Court can ascertain and
11   identify by name and job title, each of DEFENDANT's employees who have been
12   intentionally subjected to DEFENDANT's company policy, practices and procedures as
13   herein alleged. PLAINTIFFS will seek leave to amend the complaint to include any
14   additional job titles of similarly situated employees when they have been identified.

15      43.      The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all
16   CALIFORNIA LABOR SUB-CLASS Members is impracticable.

17      44.      Common questions of law and fact exist as to members of the CALIFORNIA
18   LABOR SUB-CLASS, including, but not limited, to the following:

19              (a)      Whether DEFENDANT unlawfully failed to correctly calculate and pay
20                       compensation due to members of the CALIFORNIA LABOR SUB-
21                       CLASS for missed meal and rest breaks in violation of the California
22                       Labor Code and California regulations and the applicable California
23                       Wage Order;

24              (b)      Whether DEFENDANT failed to provide the PLAINTIFFS and the
25                       other members of the CALIFORNIA LABOR SUB-CLASS with
26                       accurate itemized wage statements;

27              (c)      Whether DEFENDANT has engaged in unfair competition by the
28                       above-listed conduct;

19

1        (d)    The proper measure of damages and penalties owed to the members of

2             the CALIFORNIA LABOR SUB-CLASS; and,

3        (e)    Whether DEFENDANT's conduct was willful.

4    45.   DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-

5  CLASS under California law by:

6        (a)    Violating Cal. Lab. Code § 510, by failing to correctly pay the

7             PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-

8             CLASS all wages due for overtime worked, for which DEFENDANT is

9             liable pursuant to Cal. Lab. Code § 1194;

10       (b)    Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by failing to

11           accurately pay PLAINTIFFS and the members of the CALIFORNIA

12           LABOR SUB-CLASS the correct minimum wage pay for which

13           DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

14       (c)    Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFFS and

15           the members of the CALIFORNIA LABOR SUB-CLASS with an

16           accurate itemized statement in writing showing the corresponding

17           correct amount of wages earned by the employee;

18       (d)    Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide

19           PLAINTIFFS and the other members of the CALIFORNIA LABOR

20           SUB-CLASS with all legally required off-duty, uninterrupted thirty

21           (30) minute meal breaks and the legally required off-duty rest breaks;

22       (e)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

23           when an employee is discharged or quits from employment, the

24           employer must pay the employee all wages due without abatement, by

25           failing to tender full payment and/or restitution of wages owed or in the

26           manner required by California law to the members of the

27           CALIFORNIA LABOR SUB-CLASS who have terminated their

28           employment; and,

1    (f)    Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFFS
2           and the CALIFORNIA LABOR SUB-CLASS members with necessary
3           expenses incurred in the discharge of their job duties.

4    46.    This Class Action meets the statutory prerequisites for the maintenance of a
5    Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

6    (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS
7           are so numerous that the joinder of all CALIFORNIA LABOR SUB-
8           CLASS Members is impracticable and the disposition of their claims as
9           a class will benefit the parties and the Court;

10   (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief
11          issues that are raised in this Complaint are common to the
12          CALIFORNIA LABOR SUB-CLASS and will apply to every member
13          of the CALIFORNIA LABOR SUB-CLASS;

14   (c)    The claims of the representative PLAINTIFFS are typical of the claims
15          of each member of the CALIFORNIA LABOR SUB-CLASS.
16          PLAINTIFFS, like all the other members of the CALIFORNIA
17          LABOR SUB-CLASS, were non-exempt employees paid on an hourly
18          basis who was subjected to the DEFENDANT's practice and policy
19          which failed to pay the correct amount of wages due to the
20          CALIFORNIA LABOR SUB-CLASS. PLAINTIFFS sustained
21          economic injury as a result of DEFENDANT's employment practices.
22          PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-
23          CLASS were and are similarly or identically harmed by the same
24          unlawful, deceptive, and unfair misconduct engaged in by
25          DEFENDANT; and,

26   (d)    The representative PLAINTIFFS will fairly and adequately represent
27          and protect the interest of the CALIFORNIA LABOR SUB-CLASS,
28          and have retained counsel who are competent and experienced in Class

21

1    Action litigation.  There are no material conflicts between the claims of

2    the representative PLAINTIFFS and the members of the

3    CALIFORNIA LABOR SUB-CLASS that would make class

4    certification inappropriate.  Counsel for the CALIFORNIA LABOR

5    SUB-CLASS will vigorously assert the claims of all CALIFORNIA

6    LABOR SUB-CLASS Members.

7    47.    In addition to meeting the statutory prerequisites to a Class Action, this action

8    is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

9        (a)    Without class certification and determination of declaratory, injunctive,

10            statutory and other legal questions within the class format, prosecution

11            of separate actions by individual members of the CALIFORNIA

12            LABOR SUB-CLASS will create the risk of:

13                1)    Inconsistent or varying adjudications with respect to individual

14                    members of the CALIFORNIA LABOR SUB-CLASS which

15                    would establish incompatible standards of conduct for the

16                    parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

17                2)    Adjudication with respect to individual members of the

18                    CALIFORNIA LABOR SUB-CLASS which would as a

19                    practical matter be dispositive of interests of the other members

20                    not party to the adjudication or substantially impair or impede

21                    their ability to protect their interests.

22        (b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have

23            acted or refused to act on grounds generally applicable to the

24            CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide

25            relief with respect to the CALIFORNIA LABOR SUB-CLASS as a

26            whole in that DEFENDANT fails to pay all wages due. Including the

27            correct wages for all time worked by the members of the

28            CALIFORNIA LABOR SUB-CLASS as required by law;

22

(c)     Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)     The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)     Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.     Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)     In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will

23

1       avoid asserting their legal rights out of fear of retaliation by

2       DEFENDANT, which may adversely affect an individual's job

3       with DEFENDANT or with a subsequent employer, the Class

4       Action is the only means to assert their claims through a

5       representative; and,

6       4)    A class action is superior to other available methods for the fair

7       and efficient adjudication of this litigation because class

8       treatment will obviate the need for unduly and unnecessary

9       duplicative litigation that is likely to result in the absence of

10      certification of this action pursuant to Cal. Code of Civ. Proc. §

11      382.

12      48.    This Court should permit this action to be maintained as a Class Action

13      pursuant to Cal. Code of Civ. Proc. § 382 because:

14      (a)    The questions of law and fact common to the CALIFORNIA LABOR

15      SUB-CLASS predominate over any question affecting only individual

16      CALIFORNIA LABOR SUB-CLASS Members;

17      (b)    A Class Action is superior to any other available method for the fair

18      and efficient adjudication of the claims of the members of the

19      CALIFORNIA LABOR SUB-CLASS because in the context of

20      employment litigation a substantial number of individual

21      CALIFORNIA LABOR SUB-CLASS Members will avoid asserting

22      their rights individually out of fear of retaliation or adverse impact on

23      their employment;

24      (c)    The members of the CALIFORNIA LABOR SUB-CLASS are so

25      numerous that it is impractical to bring all members of the

26      CALIFORNIA LABOR SUB-CLASS before the Court;

27

28

1      (d)     PLAINTIFFS, and the other CALIFORNIA LABOR SUB-CLASS

2                   Members, will not be able to obtain effective and economic legal

3                   redress unless the action is maintained as a Class Action;

4      (e)     There is a community of interest in obtaining appropriate legal and

5                   equitable relief for the acts of unfair competition, statutory violations

6                   and other improprieties, and in obtaining adequate compensation for

7                   the damages and injuries which DEFENDANT's actions have inflicted

8                   upon the CALIFORNIA LABOR SUB-CLASS;

9      (f)     There is a community of interest in ensuring that the combined assets of

10                  DEFENDANT are sufficient to adequately compensate the members of

11                  the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

12      (g)     DEFENDANT has acted or refused to act on grounds generally

13                  applicable to the CALIFORNIA LABOR SUB-CLASS, thereby

14                  making final class-wide relief appropriate with respect to the

15                  CALIFORNIA LABOR SUB-CLASS as a whole;

16      (h)     The members of the CALIFORNIA LABOR SUB-CLASS are readily

17                  ascertainable from the business records of DEFENDANT.  The

18                  CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA

19                  CLASS Members who worked for DEFENDANT in California at any

20                  time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

21      (i)     Class treatment provides manageable judicial treatment calculated to

22                  bring a efficient and rapid conclusion to all litigation of all wage and

23                  hour related claims arising out of the conduct of DEFENDANT as to

24                  the members of the CALIFORNIA LABOR SUB-CLASS.

25  ///

26  ///

27  ///

28  ///

# FIRST CAUSE OF ACTION

## For Unlawful Business Practices

### [Cal. Bus. And Prof. Code §§ 17200, *et seq.*]

### (By PLAINTIFFS and the CALIFORNIA CLASS and Against All Defendants)

49.    PLAINTIFFS, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

50.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

51.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

52.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 210, 221, 226.7, 246, 510, 512, 1194, 1197, 1197.1, 1198, 2802 and the Fair Labor Standards Act and federal regulations promulgated thereunder, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

1    53.    By the conduct alleged herein, DEFENDANT's practices were unlawful and
2    unfair in that these practices violate public policy, were immoral, unethical, oppressive,
3    unscrupulous or substantially injurious to employees, and were without valid justification or
4    utility for which this Court should issue equitable and injunctive relief pursuant to Section
5    17203 of the California Business & Professions Code, including restitution of wages
6    wrongfully withheld.

7    54.    By the conduct alleged herein, DEFENDANT's practices were deceptive and
8    fraudulent in that DEFENDANT's policy and practice failed to provide the legally mandated
9    meal and rest periods, the required amount of compensation for missed meal and rest
10   periods and overtime and minimum wages owed, failed to timely pay wages, and failed to
11   reimburse all necessary business expenses incurred, and failed to provide Fair Labor
12   Standards Act overtime wages due for overtime worked as a result of failing to include non-
13   discretionary incentive compensation into their regular rates of pay for purposes of
14   computing the proper overtime pay due to a business practice that cannot be justified,
15   pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements
16   in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue
17   injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including
18   restitution of wages wrongfully withheld.

19   55.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,
20   unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFFS
21   and the other members of the CALIFORNIA CLASS to be underpaid during their
22   employment with DEFENDANT.

23   56.    By the conduct alleged herein, DEFENDANT's practices were also unlawful,
24   unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to
25   provide all legally required meal breaks to PLAINTIFFS and the other members of the
26   CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

27   57.    Therefore, PLAINTIFFS demand on behalf of themselves and on behalf of
28   each CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an

27

1  off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1)
2  hour of pay for each workday in which a second off-duty meal period was not timely
3  provided for each ten (10) hours of work.

4       58.    PLAINTIFFS further demand on behalf of themselves and each member of the
5  CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which an off
6  duty paid rest period was not timely provided as required by law.

7       59.    By and through the unlawful and unfair business practices described herein,
8  DEFENDANT has obtained valuable property, money and services from PLAINTIFFS and
9  the other members of the CALIFORNIA CLASS, including earned wages for all time
10  worked, and has deprived them of valuable rights and benefits guaranteed by law and
11  contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to
12  allow DEFENDANT to unfairly compete against competitors who comply with the law.

13       60.    All the acts described herein as violations of, among other things, the
14  Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the
15  California Labor Code, were unlawful and in violation of public policy, were immoral,
16  unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful,
17  unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et*
18  *seq*.

19       61.    PLAINTIFFS and the other members of the CALIFORNIA CLASS are
20  entitled to, and do, seek such relief as may be necessary to restore to them the money and
21  property which DEFENDANT has acquired, or of which PLAINTIFFS and the other
22  members of the CALIFORNIA CLASS have been deprived, by means of the above
23  described unlawful and unfair business practices, including earned but unpaid wages for all .
24  time worked.

25       62.    PLAINTIFFS and the other members of the CALIFORNIA CLASS are
26  further entitled to, and do, seek a declaration that the described business practices are
27  unlawful, unfair and deceptive, and that injunctive relief should be issued restraining
28  DEFENDANT from engaging in any unlawful and unfair business practices in the future.

63.    PLAINTIFFS and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.  As a result of the unlawful and unfair business practices described herein, PLAINTIFFS and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

### SECOND CAUSE OF ACTION

**For Failure To Pay Minimum Wages**

**[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

**(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

64.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

65.    PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFFS and CALIFORNIA CLASS Members.

66.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

67.    Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

1    68.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid

2  wages, including minimum wage compensation and interest thereon, together with the costs

3  of suit.

4    69.    DEFENDANT maintained a wage practice of paying PLAINTIFFS and the

5  other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct

6  amount of time they work.  As set forth herein, DEFENDANT's policy and practice was to

7  unlawfully and intentionally deny timely payment of wages due to PLAINTIFFS and the

8  other members of the CALIFORNIA LABOR SUB-CLASS.

9    70.    DEFENDANT's unlawful wage and hour practices manifested, without

10  limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

11  implementing a policy and practice that denies accurate compensation to PLAINTIFFS and

12  the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum

13  wage pay.

14    71.    In committing these violations of the California Labor Code, DEFENDANT

15  inaccurately calculated the correct time worked and consequently underpaid the actual time

16  worked by PLAINTIFFS and other members of the CALIFORNIA  LABOR SUB-CLASS.

17  DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and

18  other benefits in violation of the California Labor Code, the Industrial Welfare Commission

19  requirements and other applicable laws and regulations.

20    72.    As a direct result of DEFENDANT's unlawful wage practices as alleged

21  herein, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS

22  did not receive the correct minimum wage compensation for their time worked for

23  DEFENDANT.

24    73.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT

25  required, permitted or suffered PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS

26  Members to work without paying them for all the time they were under DEFENDANT's

27  control. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFFS and the

28

1   other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked

2   that they were entitled to, constituting a failure to pay all earned wages.

3       74.     By virtue of DEFENDANT's unlawful failure to accurately pay all earned

4   compensation to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-

5   CLASS for the true time they worked, PLAINTIFFS and the other members of the

6   CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an

7   economic injury in amounts which are presently unknown to them and which will be

8   ascertained according to proof at trial.

9       75.     DEFENDANT knew or should have known that PLAINTIFFS and the other

10  members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their

11  time worked.  DEFENDANT elected, either through intentional malfeasance or gross

12  nonfeasance, to not pay employees for their labor as a matter of company policy, practice

13  and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFFS

14  and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum

15  wages for their time worked.

16      76.     In performing the acts and practices herein alleged in violation of California

17  labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-

18  CLASS for all time worked and provide them with the requisite compensation,

19  DEFENDANT acted and continues to act intentionally, oppressively, and maliciously

20  toward PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS

21  with a conscious and utter disregard for their legal rights, or the consequences to them, and

22  with the despicable intent of depriving them of their property and legal rights, and otherwise

23  causing them injury in order to increase company profits at the expense of these employees.

24      77.     PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-

25  CLASS therefore request recovery of all unpaid wages, according to proof, interest,

26  statutory costs, as well as the assessment of any statutory penalties against DEFENDANT,

27  in a sum as provided by the California Labor Code and/or other applicable statutes.  To the

28  extent minimum wage compensation is determined to be owed to the CALIFORNIA

1  LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's

2  conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also

3  be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought

4  herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's

5  conduct as alleged herein was willful, intentional and not in good faith.  Further,

6  PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek

7  and recover statutory costs.

8

9  **THIRD CAUSE OF ACTION**

10  **For Failure To Pay Overtime Compensation**

11  **[Cal. Lab. Code § 510]**

12  **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All**

13  **Defendants)**

14  78.  PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-

15  CLASS, reallege and incorporate by this reference, as though full set forth herein, the prior

16  paragraphs of this Complaint.

17  79.  PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-

18  CLASS bring a claim for DEFENDANT's willful and intentional violations of the

19  California Labor Code and the Industrial Welfare Commission requirements for

20  DEFENDANT's failure to pay these employees for all overtime worked, including, work

21  performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday,

22  and/or forty (40) hours in any workweek.

23  80.  Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

24  public policy, an employer must timely pay its employees for all hours worked.

25  81.  Cal. Lab. Code § 510 further provides that employees in California shall not

26  be employed more than eight (8) hours per workday and more than forty (40) hours per

27  workweek  unless they receive additional compensation beyond their regular wages in

28  amounts specified by law.

1    82.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid

2  wages, including minimum wage and overtime compensation and interest thereon, together

3  with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an

4  employee for longer hours than those fixed by the Industrial Welfare Commission is

5  unlawful.

6    83.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFFS and

7  CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by

8  DEFENDANT to work for DEFENDANT and were not paid for all the time they worked,

9  including overtime work.

10    84.    DEFENDANT's unlawful wage and hour practices manifested, without

11  limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

12  implementing a policy and practice that failed to accurately record overtime worked by

13  PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members and denied

14  accurate compensation to PLAINTIFFS and the other members of the CALIFORNIA

15  LABOR SUB-CLASS for overtime worked, including, the overtime work performed in

16  excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty

17  (40) hours in any workweek.

18    85.    In committing these violations of the California Labor Code, DEFENDANT

19  inaccurately recorded overtime worked and consequently underpaid the overtime worked by

20  PLAINTIFFS and other CALIFORNIA LABOR-SUB CLASS Members.  DEFENDANT

21  acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in

22  violation of the California Labor Code, the Industrial Welfare Commission requirements

23  and other applicable laws and regulations. As a direct result of DEFENDANT's unlawful

24  wage practices as alleged herein, the PLAINTIFFS and the other members of the

25  CALIFORNIA LABOR SUB-CLASS did not receive full compensation for overtime

26  worked.

27    86.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt

28

1 from the overtime requirements of the law. None of these exemptions are applicable to the

2 PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS. Further,

3 PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS were not

4 subject to a valid collective bargaining agreement that would preclude the causes of action

5 contained herein this Complaint. Rather, PLAINTIFFS bring this Action on behalf of

6 themselves and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's

7 violations of non-negotiable, non-waiveable rights provided by the State of California.

8      87.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFFS

9 and the other members of the CALIFORNIA LABOR SUB-CLASS have been paid less for

10 overtime worked that they are entitled to, constituting a failure to pay all earned wages.

11      88.    DEFENDANT failed to accurately pay the PLAINTIFFS and the other

12 members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they

13 worked which was in excess of the maximum hours permissible by law as required by Cal.

14 Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFFS and the other members of the

15 CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime

16 as to which DEFENDANT failed to accurately record and pay as evidenced by

17 DEFENDANT's business records and witnessed by employees.

18      89.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

19 compensation to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-

20 CLASS for the true amount of time they worked, PLAINTIFFS and the other members of

21 the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an

22 economic injury in amounts which are presently unknown to them and which will be

23 ascertained according to proof at trial.

24      90.    DEFENDANT knew or should have known that PLAINTIFFS and the other

25 members of the CALIFORNIA LABOR SUB-CLASS were under compensated for all

26 overtime worked. DEFENDANT elected, either through intentional malfeasance or gross

27 nonfeasance, to not pay employees for their labor as a matter of company policy, practice

28

1  and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFFS

2  and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked.

3      91.    In performing the acts and practices herein alleged in violation of California

4  labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-

5  CLASS for all overtime worked and provide them with the requisite overtime compensation,

6  DEFENDANT acted and continues to act intentionally, oppressively, and maliciously

7  toward PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS

8  with a conscious of and utter disregard for their legal rights, or the consequences to them,

9  and with the despicable intent of depriving them of their property and legal rights, and

10  otherwise causing them injury in order to increase company profits at the expense of these

11  employees.

12      92.    PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-

13  CLASS therefore request recovery of all overtime wages, according to proof, interest,

14  statutory costs, as well as the assessment of any statutory penalties against DEFENDANT,

15  in a sum as provided by the California Labor Code and/or other applicable statutes.  To the

16  extent minimum and/or overtime compensation is determined to be owed to the

17  CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment,

18  DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these

19  individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which

20  penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS

21  Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in

22  good faith.  Further, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS

23  Members are entitled to seek and recover statutory costs.

24  ///

25  ///

26  ///

27  ///

28  ///

1

2

3

4

5

**FOURTH CAUSE OF ACTION**

**For Failure to Provide Required Meal Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

6       93.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-

7    CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

8    paragraphs of this Complaint.

9       94.    During the CALIFORNIA CLASS PERIOD, DEFENDANT from time to time

10   failed to provide all the legally required off-duty meal breaks to PLAINTIFFS and the other

11   CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order

12   and Labor Code.  The nature of the work performed by PLAINTIFFS and CALIFORNIA

13   LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of

14   all of their duties for the legally required off-duty meal periods.  As a result of their rigorous

15   work schedules, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members

16   were from time to time not fully relieved of duty by DEFENDANT for their meal periods.

17   Additionally, DEFENDANT's failure to provide PLAINTIFFS and the CALIFORNIA

18   LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th)

19   hour of work is evidenced by DEFENDANT's business records from time to time.  Further,

20   DEFENDANT failed to provide PLAINTIFFS and CALIFORNIA CLASS Members with a

21   second off-duty meal period in some workdays in which these employees were required by

22   DEFENDANT to work ten (10) hours of work from time to time.  As a result, PLAINTIFFS

23   and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal

24   breaks without additional compensation and in accordance with DEFENDANT's strict

25   corporate policy and practice.

26      95.    DEFENDANT further violates California Labor Code §§ 226.7 and the

27   applicable IWC Wage Order by failing to compensate PLAINTIFFS and CALIFORNIA

28   LABOR SUB-CLASS Members who were not provided a meal period, in accordance with

1 │ the applicable Wage Order, one additional hour of compensation at each employee's regular
2 │ rate of pay for each workday that a meal period was not provided.

3 │     96.     As a proximate result of the aforementioned violations, PLAINTIFFS and
4 │ CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according
5 │ to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of
6 │ suit.

7 │

8 │ **FIFTH CAUSE OF ACTION**

9 │ **For Failure to Provide Required Rest Periods**

10 │ **[Cal. Lab. Code §§ 226.7 & 512 ]**

11 │ **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All**

12 │ **Defendants)**

13 │     97.     PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-
14 │ CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior
15 │ paragraphs of this Complaint.

16 │     98.     PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were
17 │ from time to time required to work in excess of four (4) hours without being provided ten
18 │ (10) minute rest periods. Further, these employees from time to time were denied their first
19 │ rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4)
20 │ hours, a first and second rest period of at least ten (10) minutes for some shifts worked of
21 │ between six (6) and eight (8) hours, and a first, second and third rest period of at least ten
22 │ (10) minutes for some shifts worked of ten (10) hours or more from time to time.
23 │ PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were also not
24 │ provided with one hour wages in lieu thereof. As a result of their rigorous work schedules,
25 │ PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were periodically
26 │ denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

27 │     99.     DEFENDANT further violated California Labor Code §§ 226.7 and the
28 │ applicable IWC Wage Order by failing to compensate PLAINTIFFS and CALIFORNIA

LABOR SUB-CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

100.    As a proximate result of the aforementioned violations, PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

**SIXTH CAUSE OF ACTION**

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

101.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

102.    Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,
(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,
(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
(5) net wages earned,
(6) the inclusive dates of the period for which the employee is paid,
(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,
(8) the name and address of the legal entity that is the employer, and
(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

38

CLASS ACTION COMPLAINT

103.     From time to time, DEFENDANT also failed to provide PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members were paid on an hourly basis. As such, the wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a). The wage statements DEFENDANT provided to PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members failed to identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period. When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2). Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFFS an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT from time to time provided PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with wage statements which violated Cal. Lab. Code § 226.

104.     DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs expended calculating the correct wages for all missed meal and rest breaks and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred

39

1  dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code §

2  226, in an amount according to proof at the time of trial (but in no event more than four

3  thousand dollars ($4,000.00) for PLAINTIFFS and each respective member of the

4  CALIFORNIA LABOR SUB-CLASS herein).

## SEVENTH CAUSE OF ACTION

**For Failure to Reimburse Employees for Required Expenses**

**[Cal. Lab. Code § 2802]**

**(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

11     105.  PLAINTIFFS and the other CALIFORNIA LABOR SUB-CLASS members

12  reallege and incorporate by this reference, as though fully set forth herein, the prior

13  paragraphs of this Complaint.

14     106.  Cal. Lab. Code § 2802 provides, in relevant part, that:

15     An employer shall indemnify his or her employee for all necessary
16     expenditures or losses incurred by the employee in direct consequence of the
discharge of his or her duties, or of his or her obedience to the directions of
the employer, even though unlawful, unless the employee, at the time of
17     obeying the directions, believed them to be unlawful.

18     107.  At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802,

19  by failing to indemnify and reimburse PLAINTIFFS and the CALIFORNIA LABOR SUB-

20  CLASS members for required expenses incurred in the discharge of their job duties for

21  DEFENDANT's benefit.  DEFENDANT failed to reimburse PLAINTIFFS and the

22  CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not

23  limited to, costs related to using their personal cellular phones on behalf of and for the

24  benefit of DEFENDANT.  Specifically, PLAINTIFFS and other CALIFORNIA LABOR

25  SUB-CLASS Members were required by DEFENDANT to use their personal cellular

26  phones and home offices in order to perform work related job tasks.  DEFENDANT's policy

27  and practice was to not reimburse PLAINTIFFS and the CALIFORNIA LABOR SUB-

28

CLASS members for expenses resulting from using their personal cellular phones and home offices for DEFENDANT within the course and scope of their employment for DEFENDANT. These expenses were necessary to complete their principal job duties. DEFENDANT is estopped by DEFENDANT's conduct to assert any waiver of this expectation. Although these expenses were necessary expenses incurred by PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

108.    PLAINTIFFS therefore demand reimbursement for expenditures or losses incurred by themselves and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

## EIGHTH CAUSE OF ACTION

### For Failure to Pay Wages When Due

### [ Cal. Lab. Code §§ 201, 202, 203]

### (By Plaintiff Fox and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

109.    Plaintiff Fox, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

110.    Cal. Lab. Code § 200 provides, in relevant part, that:
As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

41

1        111.   Cal. Lab. Code § 201 provides, in relevant part, "that If an employer

2  discharges an employee, the wages earned and unpaid at the time of discharge are due and

3  payable immediately."

4        112.   Cal. Lab. Code § 202 provides, in relevant part, that:

5               If an employee not having a written contract for a definite period quits his
or her employment, his or her wages shall become due and payable not
6               later than 72 hours thereafter, unless the employee has given 72 hours
previous notice of his or her intention to quit, in which case the employee
7               is entitled to his or her wages at the time of quitting. Notwithstanding any
other provision of law, an employee who quits without providing a 72-
8               hour notice shall be entitled to receive payment by mail if he or she so
requests and designates a mailing address. The date of the mailing shall
9               constitute the date of payment for purposes of the requirement to provide
payment within 72 hours of the notice of quitting.

10       113.   There was no definite term in Plaintiff Fox's or any CALIFORNIA LABOR

11  SUB-CLASS Members' employment contract.

12       114.   Cal. Lab. Code § 203 provides, in relevant part, that:

13               If an employer willfully fails to pay, without abatement or reduction, in
accordance with Sections 201, 201.5, 202, and 205.5, any wages of an
14               employee who is discharged or who quits, the wages of the employee shall
continue as a penalty from the due date thereof at the same rate until paid
15               or until an action therefor is commenced; but the wages shall not continue
16               for more than 30 days.

17       115.   The employment of Plaintiff Fox and many CALIFORNIA LABOR SUB-

18  CLASS Members has terminated and DEFENDANT has not tendered payment of all wages

19  owed as required by law.  Additionally, at all times during the term of Plaintiff Fox's

20  employment with DEFENDANT, Plaintiff Fox and CALIFORNIA LABOR SUB-CLASS

21  Members earned and accrued vested vacation and holiday time on the date of their

22  termination pursuant to DEFENDANT's uniform vacation policies and applicable California

23  law. The amount of vacation pay Plaintiff Fox and the other CALIFORNIA LABOR SUB-

24  CLASS  Members earned and accumulated is evidenced by DEFENDANT's business

25  records. Additionally, DEFENDANT also underpaid accrued vested vacation wages to

26  Plaintiff Fox and other CALIFORNIA LABOR SUB-CLASS MEMBERS by failing to pay

27  such wages at the regular rate of pay and more specifically the final rate of pay that included

28  all non-discretionary incentive compensation.  Rather than pay vacation wages at the regular

1    rate of pay, DEFENDANT underpaid vacation wages to Plaintiff Fox and other

2    CALIFORNIA LABOR SUB-CLASS Members at their base rates of pay, instead of

3    including all of Plaintiff Fox's and CALIFORNIA LABOR SUB-CLASS Members' non-

4    discretionary incentive compensation into the vacation wage payment calculations.

5    DEFENDANT failed to specify in DEFENDANT's written vacation policy the rate at which

6    Plaintiff Fox and other CALIFORNIA LABOR CLASS Members would be paid vacation

7    upon leaving employment with DEFENDANT. As a result of DEFENDANT's unlawful

8    practice, policy and procedure to deny paying Plaintiff Fox and the other members of the

9    CALIFORNIA LABOR SUB-CLASS all of their vested vacation and holiday time,

10   DEFENDANT failed to pay Plaintiff Fox and the members of the CALIFORNIA LABOR

11   SUB-CLASS all vested vacation time as wages due upon employment termination, in

12   violation of the California Labor Code, Sections 201, 202, 203 and 227.3. Similarly,

13   DEFENDANT underpaid waiting time penalties to Plaintiff Fox and other CALIFORNIA

14   LABOR SUB-CLASS Members at their base rates of pay, instead of including all of

15   Plaintiff Fox's and CALIFORNIA LABOR SUB-CLASS Members' non-discretionary

16   compensation into the waiting time penalty calculations. This failure by DEFENDANT is

17   believed to be the result of DEFENDANT's unlawful, unfair and deceptive refusal to

18   provide compensation for earned, accrued and vested vacation and holiday time, as well as

19   the corresponding waiting time penalties that were paid. DEFENDANT perpetrated this

20   unlawful, unfair and deceptive practice to the detriment of Plaintiff Fox and the members of

21   the CALIFORNIA LABOR SUB-CLASS . DEFENDANT's uniform practice and policy of

22   failing to pay the LABOR SUB-CLASS Members for all vested vacation and holiday time

23   accumulated at employment termination violated and continues to violate Section 227.3 of

24   the California Labor Code.

25       116.    Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the

26   members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated

27   and who have not been fully paid their wages due to them, Plaintiff Fox demands thirty days

28   of pay as penalty for not paying all wages due at time of termination for all employees who

1    terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and

2    demands an accounting and payment of all wages due, plus interest and statutory costs as

3    allowed by law.

### NINTH CAUSE OF ACTION

**For Failure to Pay Sick Pay Wages**

**[ Cal. Lab. Code §§ 201-204, 210, 233, 246]**

**(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

117.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

118.    Cal Lab. Code § 233 provides that an employer must permit an employee to use accrued sick leave in accordance with Cal Lab. Code § 246.5 at the employee's then current rate of entitlement.  Cal Lab. Code § 246 provides that an employee is entitled to sick pay wages for use of accrued sick leave pursuant to Cal Lab. Code § 246.5. Specifically, once accrued sick leave is used as paid sick time, an employee has a vested right to sick pay wages, which an employer must calculate and compensate based on one of two calculations: (i) "Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek," or (ii) "Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment." Under Cal Lab. Code §§ 218 and 233, employees may sue to recover underpaid sick pay wages as damages.

119.    As a matter of policy and practice, DEFENDANT pays sick pay wages to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS at the incorrect rate of pay.  PLAINTIFFS and the other members of the CALIFORNIA LABOR-

44

1  SUB-CLASS regularly use accrued sick leave in the workweeks in which they also earn
2  non-hourly remuneration. As a matter of policy and practice, DEFENDANT pays sick pay
3  wages to PLAINTIFFS and the other members of the CALIFORNIA LABOR-SUB-CLASS
4  at the base hourly pay, as opposed to the regular rate of pay, which would consider all non-
5  hourly remuneration in addition to base hourly wages, or the rate resulting from dividing the
6  employee's total wages, not including overtime premium pay, by the employee's total hours
7  worked in the full pay periods of the prior 90 days of employment. As a result,
8  DEFENDANT underpaid sick pay wages to PLAINTIFFS and the other members of the
9  CALIFORNIA LABOR-SUB-CLASS.

10      120.   Cal. Lab. Code § 204 provides that wages generally are due and payable twice
11  during each calendar month and are to be paid no later than the payday for the next regular
12  payroll period. Consistent with Cal. Lab. Code § 204, Cal. Lab. Code § 246 specifically
13  requires that, upon use of accrued sick leave, vested sick pay wages are due and to be paid
14  no later than the payday for the next regular payroll period after accrued sick leave is used as
15  paid sick time. Similarly, Cal. Lab. Code § 201 provides that if an employer discharges an
16  employee, wages earned and unpaid at the time of discharge are due and payable
17  immediately. Cal. Lab. Code § 202 provides that an employee is entitled to receive all
18  unpaid wages no later than 72 hours after an employee quits his or her employment, unless
19  the employee has given 72-hour notice of his or her intention to quit, in which case the
20  employee is entitled to his or her wages at the time of quitting. The Labor Code penalizes
21  untimely payments. For example, Cal. Lab. Code § 203 provides that if an employer
22  willfully fails to pay wages owed in accordance with Cal. Lab. Code §§ 201-202, then the
23  wages of the employee shall continue as a penalty from the due date, and at the same rate
24  until paid, but the wages shall not continue for more than thirty (30) days. Likewise, Cal.
25  Lab. Code § 210 provides penalties for violations of Cal. Lab. Code § 204 and untimely
26  payments during employment. Under Cal. Lab. Code §§ 203, 210 and 218, employees may
27  sue to recover applicable penalties.

28      121.   As alleged herein and as a matter of policy and practice, DEFENDANT

45

1  routinely underpays sick pay wages and thus did not timely pay PLAINTIFFS and the other

2  members of the CALIFORNIA LABOR-SUB-CLASS all owing and underpaid sick pay

3  wages. As a result, DEFENDANT violates Cal. Lab. Code §§ 201-204, 210, 233, and 246,

4  among other Labor Code provisions. PLAINTIFFS are informed and believe that

5  DEFENDANT was advised by skilled lawyers and knew, or should have known, of the

6  mandates of the Labor Code as it relates to PLAINTIFFS' allegations, especially since the

7  California Supreme Court has explained that "[c]ourts have recoginzed that 'wages' also

8  include those benefits to which an employee is entitled as a part of his or her compensation,

9  including money, room, board, clothing, vacation pay, *and sick pay.*" *Murphy v. Kenneth*

10  *Cole Prods., Inc.*, 40 Cal. 4th 1094, 1103 (2007)(emphasis added). Because DEFENDANT

11  willfully fails to timely pay PLAINTIFFS and the other members of the CALIFORNIA

12  LABOR-SUB-CLASS all sick pay wages due, DEFENDANT is subject to applicable

13  penalties.

14      122.    Such a pattern, practice, and uniform administration of corporate policy is

15  unlawful and entitles PLAINTIFFS and the other members of the CALIFORNIA LABOR-

16  SUB-CLASS to underpaid sick pay wages, including interest thereon, applicable penalties,

17  attorney's fees, and costs of suit.

18

19                          **TENTH CAUSE OF ACTION**

20      **[Disability Discrimination and Retaliation For the Exercise of Rights Guaranteed**

21          **Under the FEHA, Participating in Protected Activities, and/or Opposing**

22                  **DEFENDANT's Failure to Provide Such Rights]**

23              **Violation of FEHA Government Section 12900, *et. seq.***

24                  **(By Plaintiff Santi Against All Defendants)**

25      123.    Plaintiff Santi realleges and incorporates by reference, as though fully set forth

26  herein, the prior paragraphs of this Complaint.

27      124.    On or around December 31, 2022, DEFENDANT directed Plaintiff Santi to be

28  despatched to the fire station to retrieve sand bags as there was local flooding around the

1  building Plaintiff Santi was assigned to work at for DEFENDANT. During the handling of
2  the heavy and wet sandbags, Plaintiff Santi injured himself badly. Plaintiff Santi visited the
3  emergency room and was diagnosed with a bulging/protruding L4 disc in his back. Plaintiff
4  Santi experienced severe symptoms including extreme pain. Plaintiff Santi consulted and
5  requested numerous times for an accommodation with DEFENDANT to allow him to
6  remain employed but in a modified light duty position (Alpha 4 or another position with
7  DEFENDANT) instead of a position that would require at times manual labor as described
8  above. Plaintiff Santi's managers failed to accommodate his requests and brushed off
9  Plaintiff Santi's complaints. Plaintiff Santi suffered mental and physical issues as a result of
10 the stress caused by DEFENDANT's failure to accommodate his requests. Furthermore, the
11 continuous stress from the injury and not being able to work caused Plaintiff Santi to feel
12 afraid of going into work. Shortly after the injury on or around January 5, 2023, Plaintiff
13 Santi went on formal disability leave. Plaintiff Santi continues to be employed with
14 DEFENDANT and on disability leave at the time of filing this Complaint. Prior to filing
15 this action PLAINTIFF exhausted his administrative remedies by filing a timely
16 administrative complaint with the Department of Fair Employment and Housing ("DFEH")
17 and received a DFEH Right to Sue letter on May 30, 2023.

18     125.   DEFENDANT discriminated against and failed to reasonably accommodate
19 Plaintiff Santi for his physical disabilities. Plaintiff Santi herein alleges that the actions
20 taken by employees of DEFENDANT against Plaintiff Santi occurred within the normal
21 scope and course of these individuals' employment with DEFENDANT. Plaintiff Santi
22 further alleges that these employees were Plaintiff Santi's supervisors while Plaintiff Santi
23 was employed by DEFENDANT. However, Plaintiff Santi's request for accommodation
24 fell on deaf ears, as DEFENDANT failed to respond to Plaintiff Santi's requests. Plaintiff
25 Santi requested disability accommodation and raised complaints while he worked for
26 DEFENDANT and DEFENDANT retaliated against Plaintiff Santi by taking adverse
27 employment actions, including denial of employment opportunities and privileges.

28

47

1    126.    DEFENDANT's conduct, as alleged, violated FEHA, Government Code

2    Section 12900, *et seq.*, and DEFENDANT committed unlawful employment practices,

3    including the following bases for liability:

4    127.    Taking adverse employment actions against Plaintiff Santi, including barring,

5    refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating

6    against Plaintiff Santi, in whole or in part on the basis of Plaintiff Santi's disability in

7    violation of Government Code Section 12940(a);

8    128.    Harassing Plaintiff Santi and/or creating a hostile work environment, in whole

9    or in part on the basis of Plaintiff Santi disability, and/or having taken FMLA leave in

10    violation of Government Code Section 12940(j);

11    129.    Failing to take all reasonable steps to prevent discrimination and harassment

12    based on disability in violation of Government Code section 12940(k);

13    130.    Retaliating against Plaintiff Santi for seeking to exercise rights guaranteed

14    under FEHA, participating in protected activities, and/or opposing DEFENDANT's failure

15    to provide such rights, in violation of Government Code Section 12940(h).

16    131.    As a proximate result of DEFENDANT's willful, knowing, and intentional

17    discrimination against Plaintiff Santi, Plaintiff Santi has sustained and continues to sustain

18    substantial losses of earnings and other employment benefits.

19    132.    As a proximate result of DEFENDANT's willful, knowing, and intentional

20    discrimination against Plaintiff Santi, Plaintiff Santi has suffered and continues to suffer

21    humiliation, emotional distress, and physical and mental pain and anguish, all to his damage

22    in a sum according to proof.

23    133.    Plaintiff Santi has incurred and continues to incur legal expenses and

24    attorneys' fees. Pursuant to Government Code Section 12965(b), Plaintiff Santi is entitled

25    to recover reasonable attorneys' fees and costs (including expert costs) in an amount

26    according to proof.

27

28

1  134.   DEFENDANT's misconduct was committed intentionally, in a malicious,

2  oppressive manner, and fraudulent manner entitling Plaintiff Santi to punitive damages

3  against DEFENDANT.

4

5  **ELEVENTH CAUSE OF ACTION**

**For Failure to Provide Reasonable Accommodation**

6  **[Cal. Gov. Code § 12940(m)]**

7  **(By Plaintiff Santi and Against All Defendants)**

8  135.   Plaintiff Santi realleges and incorporates by reference, as though fully set forth

9  herein, the prior paragraphs of this Complaint.

10  136.   DEFENDANT was an employer who met all of the requirements set forth under

11  the California Fair Employment and Housing Act.

12

13  137.   Plaintiff Santi suffered from a mental disability as defined under Cal. Gov. Code

14  § 12926(j).

15  138.   Plaintiff Santi suffered from a physical disability as defined under Cal. Gov. Code

16  § 12926(m).

17  139.   DEFENDANT was aware that Plaintiff Santi suffered from a physical disability

18  as set forth herein.

19

20  140.   On or around December 31, 2022, DEFENDANT directed Plaintiff Santi to be

21  despatched to the fire station to retrieve sand bags as there was local flooding around the

22  building Plaintiff Santi was assigned to work at for DEFENDANT. During the handling of the

23  heavy and wet sandbags, Plaintiff Santi injured himself badly.  Plaintiff Santi visited the

24  emergency room and was diagnosed with a bulging/protruding L4 disc in his back.  Plaintiff

25  Santi experienced severe symptoms including extreme pain.  Plaintiff Santi consulted and

26  requested numerous times for an accommodation with DEFENDANT to allow him to remain

27  employed but in a modified light duty position (Alpha 4 or another position with

28  DEFENDANT) instead of a position that would require at times manual labor as described

49

1    above. Plaintiff Santi's managers failed to accommodate his requests and brushed off Plaintiff

2    Santi's complaints. Plaintiff Santi suffered mental and physical issues as a result of the stress

3    caused by DEFENDANT's failure to accommodate his requests. Furthermore, the continuous

4    stress from the injury and not being able to work caused Plaintiff Santi to feel afraid of going

5    into work. Shortly after the injury on or around January 5, 2023, Plaintiff Santi went on formal

6    disability leave. Plaintiff Santi continues to be employed with DEFENDANT and on disability

7    leave at the time of filing this Complaint. Prior to filing this action Plaintiff Santi exhausted

8    his administrative remedies by filing a timely administrative complaint with the Department of

9    Fair Employment and Housing ("DFEH") and received a DFEH Right to Sue letter on May 30,

10    2023.

11    141.    DEFENDANT discriminated against and failed to reasonably accommodate

12    Plaintiff Santi for his physical disabilities. Plaintiff Santi herein alleges that the actions taken

13    by employees of DEFENDANT against Plaintiff Santi occurred within the normal scope and

14    course of these individuals' employment with DEFENDANT. Plaintiff Santi further alleges

15    that these employees were Plaintiff Santi's supervisors while Plaintiff Santi was employed by

16    DEFENDANT. However, Plaintiff Santi's request for accommodation fell on deaf ears, as

17    DEFENDANT failed to respond to Plaintiff Santi's requests. Plaintiff Santi requested disability

18    accommodation and raised complaints while he worked for DEFENDANT and DEFENDANT

19    retaliated against Plaintiff Santi by taking adverse employment actions, including denial of

20    employment opportunities and privileges.

21    142.    DEFENDANT failed to provide Plaintiff Santi with reasonable accommodation

22    for his mental and physical disabilities.

23    143.    As a direct and proximate result of DEFENDANT refusing to provide Plaintiff

24    Santi with reasonable accommodation, Plaintiff Santi was met with a series of adverse

25    employment actions as set forth herein. As a further direct result of DEFENDANT's failure to

26    provide Plaintiff Santi with a reasonable accommodation, Plaintiff Santi was harmed in the

27    form of emotional and physical pain and suffering.

28

144. DEFENDANT's failure to provide reasonable accommodation was a substantial factor in causing Plaintiff Santi's harm.

145. The actions alleged herein were taken by managing agents and/or officers of DEFENDANT and/or ratified by managing agents and/or officers of DEFENDANT. In so doing, said managing agents and/or officers of DEFENDANT acted with malice and oppression as those terms are used in California Code of Civil Procedure § 3294. As such, Plaintiff Santi is entitled to an award of punitive damages.

146. Plaintiff Santi is also entitled to recover reasonable attorney's fees and costs pursuant to Cal. Gov. Code § 12965(b).

## TWELFTH CAUSE OF ACTION
### For Failure to Provide Reasonable Accommodation
### [Cal. Gov. Code § 12940(m)]
### (By Plaintiff Fox and Against All Defendants)

147. Plaintiff Fox realleges and incorporates by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

148. DEFENDANT was an employer who met all of the requirements set forth under the California Fair Employment and Housing Act.

149. Plaintiff Fox suffered from a mental disability as defined under Cal. Gov. Code § 12926(j).

150. Plaintiff Fox suffered from a physical disability as defined under Cal. Gov. Code § 12926(m).

151. DEFENDANT was aware that Plaintiff Fox suffered from a physical disability as set forth herein.

152. Subsequent to Plaintiff Fox's participation in protective activity by complaining to DEFENDANT of DEFENDANT's unlawful employment practices,

51

1    DEFENDANT subjected Plaintiff Fox to adverse employment actions by retaliating against

2    Plaintiff Fox.  Specifically, after Plaintiff Fox complained to his supervisor(s) of

3    DEFENDANT's unlawful employment practices in November of 2022, including but not

4    limited to reporting to DEFENDANT that DEFENDANT's company policy of requiring

5    Plaintiff Fox and other CALIFORNIA CLASS Members to carry a firearm without a round

6    in the chamber created a dangerous and unsafe working environment as this would create an

7    unnecessary handling of a firearm in a public space which could increase the liability and

8    chance of an accidental discharge (among many other issues), DEFENDANT terminated

9    Plaintiff Fox's employment with DEFENDANT in early January of 2023.  Additionally,

10    after Plaintiff Fox reported what he reasonably deemed to be an illegal and unsafe working

11    condition, DEFENDANT also instituted a brand new policy that would require Plaintiff Fox

12    to pass a fitness test known as a "Physical Readiness Test" in order to remain employed with

13    the company.  DEFENDANT knew Plaintiff Fox had pre-existing medical conditions

14    including, diabetes and hypothyroidism.  In fact, Plaintiff Fox obtained a Dr.'s report that

15    read "Due to [Plaintiff Fox's pre-existing medical conditions, he is not able to participate in

16    strenuous physical activities as it will adversely affect his physical health." In December of

17    2022 and January of 2023, Plaintiff Fox repeatedly asked DEFENDANT to accommodate

18    his disability and place him in a role that did not require strenuous physical activity (also

19    note prior to DEFENDANT rolling out the new "Physical readiness Test", Plaintiff Fox was

20    able to perform all his work duties satisfactorily).  DEFENDANT denied Plaintiff Fox's

21    requests and ultimately terminated his employment on January 19, 2023. As a result, there

22    is a causal link between the protected activity and DEFENDANT's decision to terminate his

23    employment, which is against public policy. Prior to filing this action Plaintiff Fox

24    exhausted his administrative remedies by filing a timely administrative complaint with the

25    Department of Fair Employment and Housing ("DFEH") and received a DFEH Right to Sue

26    letter on May 30, 2023.

27

28

153.    DEFENDANT failed to provide Plaintiff Fox with reasonable accommodation for his mental and physical disabilities.

154.    As a direct and proximate result of DEFENDANT refusing to provide Plaintiff Fox with reasonable accommodation, Plaintiff Fox was met with a series of adverse employment actions as set forth herein. As a further direct result of DEFENDANT's failure to provide Plaintiff Fox with a reasonable accommodation, Plaintiff Fox was harmed in the form of emotional and physical pain and suffering and ultimately terminated from his employment with DEFENDANT.

155.    DEFENDANT's failure to provide reasonable accommodation was a substantial factor in causing Plaintiff Fox's harm.

156.    The actions alleged herein were taken by managing agents and/or officers of DEFENDANT and/or ratified by managing agents and/or officers of DEFENDANT. In so doing, said managing agents and/or officers of DEFENDANT acted with malice and oppression as those terms are used in California Code of Civil Procedure § 3294. As such, Plaintiff Fox is entitled to an award of punitive damages.

157.    Plaintiff Fox is also entitled to recover reasonable attorney's fees and costs pursuant to Cal. Gov. Code § 12965(b).

### THIRTEENTH CAUSE OF ACTION
**Wrongful Termination In Violation of Public Policy**
**(By Plaintiff Fox Against All Defendants)**

158.    Plaintiff Fox realleges and incorporates by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

159.    Subsequent to Plaintiff Fox's participation in protective activity by complaining to DEFENDANT of DEFENDANT's unlawful employment practices, DEFENDANT subjected Plaintiff Fox to adverse employment actions by retaliating against Plaintiff Fox. Specifically, after Plaintiff Fox complained to his supervisor(s) of DEFENDANT's unlawful employment

53

1  practices in November of 2022, including but not limited to reporting to DEFENDANT that
2  DEFENDANT's company policy of requiring Plaintiff Fox and other CALIFORNIA CLASS
3  Members to carry a firearm without a round in the chamber created a dangerous and unsafe
4  working environment as this would create an unnecessary handling of a firearm in a public
5  space which could increase the liability and chance of an accidental discharge (among many
6  other issues), DEFENDANT terminated Plaintiff Fox's employment with DEFENDANT in
7  early January of 2023. Additionally, after Plaintiff Fox reported what he reasonably deemed
8  to be an illegal and unsafe working condition, DEFENDANT also instituted a brand new policy
9  that would require Plaintiff Fox to pass a fitness test known as a "Physical Readiness Test" in
10  order to remain employed with the company. DEFENDANT knew Plaintiff Fox had pre-
11  existing medical conditions including, diabetes and hypothyroidism. In fact, Plaintiff Fox
12  obtained a Dr.'s report that read "Due to [Plaintiff Fox's pre-existing medical conditions, he is
13  not able to participate in strenuous physical activities as it will adversely affect his physical
14  health." In December of 2022 and January of 2023, Plaintiff Fox repeatedly asked
15  DEFENDANT to accommodate his disability and place him in a role that did not require
16  strenuous physical activity (also note prior to DEFENDANT rolling out the new "Physical
17  readiness Test", Plaintiff Fox was able to perform all his work duties satisfactorily).
18  DEFENDANT denied Plaintiff Fox's requests and ultimately terminated his employment on
19  January 19, 2023. As a result, there is a causal link between the protected activity and
20  DEFENDANT's decision to terminate his employment, which is against public policy.

21    160.   Plaintiff Fox raised complaints of illegality while he worked for DEFENDANT
22  and was believed to be willing to raise complaints, and DEFENDANT retaliated against her by
23  taking adverse employment actions, including employment termination, against him.

24    161.   As a proximate result of DEFENDANT's willful, knowing, and intentional,
25  Plaintiff Fox has suffered and continues to suffer humiliation, emotional distress, and mental
26  and physical pain and anguish, all to her damage in a sum according to proof.
27
28

162. As a result of DEFENDANT's adverse employment actions against Plaintiff Fox, Plaintiff Fox has suffered general and special damages in sums according to proof.

163. DEFENDANT's misconduct was committed intentionally, in a malicious, oppressive manner, and fraudulent manner entitling Plaintiff Fox to punitive damages against DEFENDANT.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the CALIFORNIA CLASS:

   A) That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

   B) An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

   C) An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFFS and the other members of the CALIFORNIA CLASS; and,

   D) Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFFS and to the other members of the CALIFORNIA CLASS.

2. On behalf of the CALIFORNIA LABOR SUB-CLASS:

   A) That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

B) Compensatory damages, according to proof at trial, including compensatory damages for minimum and overtime compensation due PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

C) The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

D) Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and the applicable IWC Wage Order;

E) For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197;

F) The amount of the expenses PLAINTIFFS and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit.; and,

G) The wages of all terminated employees in the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3. On behalf of PLAINTIFFS for the Tenth, Eleventh, Twelfth and Thirteenth causes of action:

A) Compensatory damages, according to proof at trial, but in excess of $25,000.

B) Special and General damages according to proof;

C) Statutory damages, penalties and attorney's fees;

56

1
2
3

D)   For punitive damages in an amount necessary to make an example of and to punish DEFENDANT and deter DEFENDANT from engaging in future similar conduct;

4
5

E)   For loss of earnings (both past and future); and,

6

F)   For interest at the legal rate in an amount according to proof.

7

4.   On all claims:

8
9

A)   An award of interest, including prejudgment interest at the legal rate;

10

B)   Such other and further relief as the Court deems just and equitable; and,

11
12
13

C)   An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §221, §226, §1194, and/or §2802.

14
15

Dated: July 7, 2023         BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

16

By:   /s/ Nicholas De Blouw
_____

17
18

Norman B. Blumenthal
Nicholas J. De Blouw

19

*Attorneys for Plaintiffs*

20
21
22
23
24
25
26
27
28

57
CLASS ACTION COMPLAINT

1

## **DEMAND FOR A JURY TRIAL**

2

PLAINTIFFS demands a jury trial on issues triable to a jury.

3

4

5     Dated: July 7, 2023          BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

6
                                    By:  __/s/ Nicholas De Blouw_____
7                                        Norman B. Blumenthal
                                         Nicholas J. De Blouw
8

9                                        *Attorneys for Plaintiffs*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CIVIL LAWSUIT NOTICE

**Superior Court of California, County of Santa Clara**
**191 North First St., San José, CA 95113**

CASE NUMBER: _____ 23CV418864 _____

---

### PLEASE READ THIS ENTIRE FORM

---

**_PLAINTIFF_** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

**_DEFENDANT_** (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

**_RULES AND FORMS:_** You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

**_CASE MANAGEMENT CONFERENCE (CMC):_** You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

   **_You or your attorney must appear at the CMC._** *You may ask to appear by telephone – see Local Civil Rule 8.*

---

**Your Case Management Judge is:** _____ Rosen, Amber _____ **Department:** ___ 16 ___

**The 1st CMC is scheduled for:** (Completed by Clerk of Court)
   **Date:** _12/05/2023_ **Time:** _1:30pm_ **in Department:** ___ 16 ___

**The next CMC is scheduled for:** (Completed by party if the 1st CMC was continued or has passed)
   **Date:** _____ **Time:** _____ **in Department:** _____

---

**_ALTERNATIVE DISPUTE RESOLUTION (ADR):_** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

**_WARNING:_** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
—Norman B. Blumenthal    (Bar # 68687)
Kyle Nordrehaug    (Bar # 205975)
Blumenthal Nordrehaug Bhowmik De Blouw LLP
2255 Calle Clara, La Jolla, CA 92037
TELEPHONE NO.: (858) 551-1223    FAX NO.: (858) 551-1232
ATTORNEY FOR *(Name):* Plaintiffs Rustin Fox and Gabriele Santi

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose 95113
BRANCH NAME: Downtown

**FOR COURT USE ONLY**

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 7/7/2023 1:10 PM
Reviewed By: R. Cachux
Case #23CV418864
Envelope: 12421879

CASE NAME:
RUSTIN FOX et al. v. CRISIS24 PROTECTIVE SOLUTIONS, LP

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 23CV418864 |
|---|---|---|
| [X] Unlimited    [ ] Limited | [ ] Counter    [ ] Joinder | |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary   b.[X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* THIRTEEN (13)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 7, 2023

Nicholas J. De Blouw
(TYPE OR PRINT NAME)

▶  /s/ Nicholas De Blouw
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courtinfo.ca.gov* |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*

| | |
|---|---|
| Santa Clara County Superior Court | Santa Clara County DRPA Coordinator |
| ADR Administrator | 408-792-2784 |
| 408-882-2530 | |

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**
**CIVIL DIVISION**

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised December 28, 2020

## Complex Civil Guidelines

### GUIDELINES AND PROTOCOLS

### COMPLEX CIVIL LITIGATION DEPARTMENT

Welcome to the Complex Civil Litigation Departments of the Superior Court of California, County of Santa Clara. We apply case management principles designed to reduce the time and expense normally associated with complex civil litigation cases.

Counsel are expected to be familiar with the applicable *California Rules of Court*, *Local Rules – Superior Court of California, County of Santa Clara*, *The Santa Clara County Bar Association Code of Professionalism*, and the *Deskbook on the Management of Complex Civil Litigation*. Counsel should also be familiar with the complex litigation portion of the Santa Clara County Superior Court website: *https://www.scscourt.org/court_divisions/civil/complex/civil_complex.shtml*.

Familiarity with these guidelines and protocols will answer common procedural questions and should assist you in your appearances in these Departments. *Note: These Guidelines and Protocols are revised from previous versions. Your thoughts and suggestions are always welcome. Significant practice highlights include:*

*The website for the Complex Departments is now integrated into the Court's site, www.scscourt.org. Please go to the following portion of the Court's website: https://www.scscourt.org/court_divisions/civil/complex/civil_complex.shtml.*

*Tentative rulings on motions of all types are posted online by 2:00 p.m. the day before the hearing, and, unless an objection is properly raised by 4:00 p.m. the day before the hearing, the ruling will automatically become the Court's order the next day. For specific information, go to: http://www.scscourt.org/online_services/tentatives/tentative_rulings.shtml and select the appropriate department.*

*Ex parte hearings require advance reservation with the Coordinator. Letter briefs are not acceptable.*

*Case management conference statements are to be in a combined format; see VII. 3 below.*

*No discovery motions may be filed until the parties have meaningfully met and conferred AND met with the Court for a face-to-face Informal Discovery Conference.*

*The Court requires detailed JOINT pre-trial statements in advance of a pre-trial conference where counsel are expected to make concrete suggestions as to efficient trial management; see XI below.*

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised December 28, 2020

## Complex Civil Guidelines

*Counsel should NOT use a Form CIV-110 in a case involving class or PAGA claims, as resolution of such claims requires court approval.*

*For class actions, counsel should be familiar with the Court's Guidelines for Motions Relating to Class Certification and Guidelines for Motions Relating to Preliminary Approval and Final Fairness Hearings. Both sets of Guidelines are on the complex litigation portion of the Court's website.*

## PLAINTIFF MUST SERVE A COPY OF THESE GUIDELINES WITH THE SUMMONS AND COMPLAINT.

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | CONTACT INFORMATION | 3 |
| II. | INTRODUCTION | 3 |
| III. | COURTROOM DEMEANOR, CONDUCT AND ETIQUETTE | 4 |
| IV. | GENERAL MATTERS | 4 |
| V. | EX PARTE APPLICATIONS | 6 |
| VI. | DISCOVERY | 6 |
| VII. | LAW AND MOTION | 7 |
| VIII. | CASE MANAGEMENT CONFERENCE | 8 |
| IX. | CASE MANAGEMENT AND REFERENCE ORDERS | 9 |
| X. | MANDATORY SETTLEMENT CONFERENCES (MSC) | 10 |
| XI. | MINI-TRIALS | 10 |
| XII. | PRE-TRIAL CONFERENCE | 11 |
| XIII. | TRIALS - GENERALLY | 13 |
| XIV. | TRIAL EXHIBITS | 19 |
| | CURRICULUM VITAE FOR JUDGE SUNIL R. KULKARNI | 21 |
| | CURRICULUM VITAE FOR JUDGE PATRICIA M. LUCAS | 23 |

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised December 28, 2020

## Complex Civil Guidelines

I.   CONTACT INFORMATION

Departments 1 and 3:  Physical Address:

Downtown Superior Courthouse, 191 North First Street, San Jose, CA 95113.

| | | |
|---|---|---|
| Department 1: | The Honorable Sunil R. Kulkarni | 408-882-2110 |
| | Courtroom Clerk:  Mark Rosales/JeeJee Vizconde | 408-882-2110 |
| Department 3: | The Honorable Patricia M. Lucas | 408-882-2130 |
| | Courtroom Clerk:  JeeJee Vizconde | 408-882-2130 |

Complex Litigation Coordinator (for both Departments 1 and 3):
Rowena Walker          rwalker@scscourt.org                     408-882-2286

E-Filing Web Site:          http://www.scscourt.org/forms_and_filing/efiling.shtml

II.   INTRODUCTION

Complex cases suitable for assignment to the Complex Civil Litigation Department are defined in Rule 3.400, California Rules of Court ("CRC Rules").  Cases will be assigned to the Complex Civil Litigation Department, **for all purposes, including discovery and trial**, by the Court's own motion, or on motion of any of the parties, pursuant to the procedures specified in Rule 3.400. Motions for complexity determination shall be heard in the Complex Civil Litigation Department. It is within the Court's discretion to accept or reject a case for complex designation.

In general, cases assigned to the Complex Civil Litigation Department will be managed in accordance with the principles set forth in the *__Deskbook on the Management of Complex Civil Litigation__* ("Deskbook").

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised December 28, 2020

## Complex Civil Guidelines

### III. COURTROOM DEMEANOR, CONDUCT AND ETIQUETTE

1. The Court expects formality, civility and proper decorum at all times. Witnesses and parties are to be addressed and referred to by their surnames. COURTESY AND RESPECT TOWARDS EVERYONE IN THE COURTROOM IS REQUIRED. Advise all witnesses and parties to observe appropriate courtroom demeanor and punctuality. The civil and courteous treatment of courtroom staff and opposing counsel is a paramount professional obligation of counsel.

The Santa Clara County Superior Court, by standing order, has adopted the Code of Professionalism of the Santa Clara County Bar Association. Counsel are expected to be familiar with the Code and use it as a guide for appropriate attorney behavior.

2. All pagers, cell phones and other audible electronic devices must be TURNED OFF while in the courtroom whether or not court is in session, unless specific permission is obtained from the Court.

3. Do not approach the clerk or reporter while court is in session for any reason.

4. Objections, statements and arguments must be addressed to the Court rather than opposing counsel. Counsel may speak from the lectern (if present) or the counsel table. Counsel must stand when objecting or addressing the Court. Counsel may approach any witnesses as necessary only with leave of Court.

5. At the end of each day, counsel must clear work areas including the area in the rear of the courtroom.

6. Use of the department's copier or telephone requires the Court's permission.

7. It is counsel's responsibility to note the date and time set for any future hearing. Hearing dates are set by contacting the Coordinator.

8. Courtroom staff will not make copies at counsel's request unless directed to do so by the Court. Copy work completed by courtroom staff is subject to the current per-page copy fee.

9. If a peremptory challenge or challenge for cause is upheld, the case will be referred to the Civil Supervising Judge for reassignment.

### IV. GENERAL MATTERS

1. The Court expects all counsel to maintain regular communication with each other regarding hearing dates, progress of the case, and settlement possibilities. A condition of

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised December 28, 2020

## Complex Civil Guidelines

remaining in a complex department is that counsel will behave toward all counsel and other participants with civility, courtesy and professionalism, both in and out of court. Meeting and conferring with opposing counsel on both procedural issues as well as substantive issues is mandated.

2. Continuances of hearing or trial dates are discouraged but may be necessary from time to time. Continuances of hearings and trial dates by stipulation are not permitted without prior approval of the Court, and only to a date pre-approved by the Court. Please call the Coordinator for available dates before contacting other counsel. If preliminary approval is given, a written stipulation must be provided before the hearing or trial date. Faxed signatures on stipulations are permitted.

3. In the event a case settles before a court hearing or trial date, parties must telephonically notify the Court as soon as the disposition is agreed upon and must file with the Complex Litigation Department either a Notice of Settlement, Request for Dismissal, a Stipulation for Entry of Judgment or a Judgment on Stipulation that is ready for the Court's signature. If the applicable document is not ready, counsel must appear at the time scheduled for hearing and recite the settlement for the record.

4. Cross-complainants must serve a copy of these guidelines upon any new parties and give notice of any scheduled hearings and depositions at the time the cross-complaint is served.

5. All actions classified as complex or provisionally complex are subject to the Court's Electronic Filing and Service Standing Order, unless exempted by order of the Court for good cause. Further information is posted on the Court's website at *http://www.scscourt.org/forms_and_filing/efiling.shtml*.

6. For class actions, counsel should be familiar with the Court's Guidelines for Motions Relating to Class Certification and Guidelines for Motions Relating to Preliminary Approval and Final Fairness Hearings. Both sets of Guidelines are on the complex litigation portion of the Court's website.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised December 28, 2020

## Complex Civil Guidelines

### V.    EX PARTE APPLICATIONS

1. Ex parte appearances are discouraged except in unusual situations. Hearing dates must be coordinated with the Coordinator. Strict compliance with CRC Rules 3.1200-3.1207 is required. In addition, the ex parte application and all supporting papers, including any proposed pleading, motion or order shall be electronically submitted to the Court's website by noon the Court day before the scheduled ex parte hearing date.

2. The Court is eager to assist counsel when specific problems arise that may not require a formal motion. To arrange a conference with the Court when all counsel agree to the advisability of such a discussion, please contact the Coordinator to reserve a time for the conference. In these instances "letter briefs" are not acceptable, but briefs on court pleading paper not exceeding 3 pages may be submitted.

3. During the COVID-19 pandemic, the Court requires telephone or videoconference appearances (both through CourtCall), unless specific permission is given by the Court for counsel to appear in person.

### VI. DISCOVERY

1. The Court believes in open discovery in accordance with the law, but expects counsel to refrain from engaging in excessive and abusive discovery.

2. Discovery meet and confer obligations require an actual conference (in-person, telephonic, or videoconference) between counsel. If a resolution is not reached, parties are required to have an informal discovery conference (IDC) with the Court **before filing any discovery motion, unless otherwise authorized by the Court**. Each side must serve and lodge a short brief, **limited to no more than 3 pages**, two court days in advance of the IDC. To schedule an IDC with the Court, please contact the Coordinator.

3. **Any dates given by the Court relating to this IDC process have no impact on statutory deadlines for filing motions or any other papers, including, but not limited to, the 45-day deadline for filing a motion to compel further responses. The party who files a discovery motion must address the motion's timeliness in its moving papers.**

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised December 28, 2020

## Complex Civil Guidelines

4. Counsel and/or parties with full authority to resolve the discovery issue(s) must personally attend the IDC unless excused by the Court.

5. During the COVID-19 pandemic, the Court requires telephone or videoconference appearances (both through CourtCall) for IDCs, unless specific permission is given by the Court for counsel to appear in person.

VII. <u>LAW AND MOTION</u>

1. Law and Motion matters are generally heard at 1:30 p.m. on Wednesday for Department 3 and at 1:30 p.m. on Thursday for Department 1.

2. Counsel must first clear the hearing date with the other parties before contacting the Coordinator. You must provide the Court with the name of the case, the case number, type of hearing, hearing date requested, and name and telephone number of the filing attorney.

3. Before the hearing of **any** motion, petition or application, all counsel and parties representing themselves shall meet and confer in a good faith effort to eliminate the necessity of the hearing.

4. **The Court values the importance of the training of the next generation of trial lawyers, which must include substantive speaking opportunities in court. The Court strongly encourages the parties and senior attorneys to allow the participation of junior lawyers in all court proceedings, particularly in arguing motions where the junior lawyer drafted or contributed significantly to the motion or opposition.**

5. Motions or applications to seal must be heard no later than any motion relying on the materials for which sealing is sought. Upon denial of a motion or application to seal, the moving party must notify the Court that the materials are to be filed unsealed (CRC Rule 2.551(b)(b)) or refrain from relying on the materials, which will not be part of the record.

6. When the Court sustains a demurrer or grants a motion to strike with leave to amend and an amended pleading is filed, the plaintiff or cross-complainant shall file with its opposition to any successive demurrer or motion to strike a redline comparing the amended pleading to the previous version of the pleading.

7. Counsel for moving parties must notify the Court as soon as possible regarding any matter to be taken off calendar or continued. Notice of continuances of hearings must be provided by the moving party.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised December 28, 2020

## Complex Civil Guidelines

8. During the COVID-19 pandemic, counsel are required to appear for hearings through telephone or videoconference (through CourtCall), unless specific permission is obtained from the Court to appear in person. There will be a public access line so members of the public can virtually attend.

VIII.   CASE MANAGEMENT CONFERENCE

1. The first case management conference is generally scheduled one hundred twenty (120) days after the action is filed. Plaintiff is required to give notice of this conference date to all other parties.

2. Case Management Conferences are generally heard at 2:30 p.m. on Wednesday for Department 3 and at 2:30 p.m. on Thursday for Department 1. Such conferences are scheduled as necessary to monitor the progress of the case and to assist counsel and the parties as the matter progresses. The parties should expect the Court to schedule a status conference approximately every 120 days.

3. Judicial Council Form CM-110, Civil Case Management Statement (required by CRC 3.725(c)), is not well-suited for complex cases. Instead, the parties shall file a **joint** case management statement no later than five calendar days before the hearing for each conference addressing the following subjects:

(a) a brief objective summary of the case,
(b) a summary of any orders from prior case management conferences and the progress of the parties' compliance with said orders,
(c) significant procedural and practical problems that may likely be encountered,
(d) suggestions for efficient management, including a proposed timeline of key events, and
(e) any other special consideration to assist the Court in determining an effective case management plan.

A status conference statement may be filed as an alternative to the case management statement when appropriate. A status conference statement is generally less detailed than a case management statement and is to be used to advise the Court of progress or developments in the case which have occurred since the last review hearing.

4. During the COVID-19 pandemic, counsel are required to appear for hearings through telephone or videoconference (through CourtCall), unless permission is obtained from the Court to appear in person. There will be a public access line so members of the public can virtually attend.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised December 28, 2020

### Complex Civil Guidelines

## IX. CASE MANAGEMENT AND REFERENCE ORDERS

1. Case Management Orders are not required in all cases, but may be helpful in cases where the sequencing and timing of key events are necessary in the management of the litigation and preparation of the case for trial. However, even if a case management order is not necessary in a particular case, all complex cases must be managed by counsel, or the Court, or both.

2. Mediation and Reference matters should not commence until <u>all</u> parties are before the Court but not later than six months after the original complaint was filed, except for good cause.

3. Mediation and Reference matters should be concluded 12 months after their initiation (approximately 18 months after the original complaint was filed), except for good cause.

4. Brevity in drafting the Order may help focus your case and assist in reaching the desired goal (i.e., early informed resolution of your case in a cost-effective manner).

5. After a date is scheduled with the Court, it may not be continued by stipulation of the parties without the Court's consent.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised December 28, 2020

## Complex Civil Guidelines

X.  MANDATORY SETTLEMENT CONFERENCES (MSC)

1. If there is an objection to the trial judge's participation in the mandatory settlement conference, counsel must advise the Court as soon as possible, and in no event, later than the date the MSC is set. No case will be tried before a good faith effort is made to settle. Mandatory settlement conferences set on the Court's calendar are typically set at the time the trial is set, and generally, the final mandatory settlement conference takes place a week to two weeks before the first day of trial, typically on a Wednesday.

2. Trial counsel, parties, and persons with full authority to settle the case must personally attend unless excused by the Court. If insurance coverage is available to satisfy the plaintiff's settlement demand and a representative of defendant's insurer with full settlement authority attends the mandatory settlement conference with defendant's trial counsel, named defendants need not attend unless their personal consent is necessary to settle the case. Named defendants must also personally attend the mandatory settlement conference when (a) there is an insurance coverage dispute; (b) plaintiff seeks to recover damages not covered by insurance; or (c) plaintiff's demand exceeds insurance policy limits. Failure to appear will result in the imposition of sanctions. Settlement Conference Statements must be filed at least five (5) court days before the scheduled conference (Rule 3.1380).

3. Any request for a waiver of the requirement to personally appear at the MSC, whether conducted by the Court or a special master, must be made by written application to the Court.

XI.  MINI-TRIALS

There may be a pivotal issue, such as a special defense or evidentiary ruling, upon which the rest of the case depends. If counsel agree, the Court will set aside time before or during the trial to hear mini-trials on such issues. Time will be appropriately limited. Briefs and factual stipulations must be submitted in advance. Limited testimony may be taken, for example, as in an Evidence Code § 402 situation. Contact the Coordinator to schedule a date and submit a stipulation signed by all counsel.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised December 28, 2020

### Complex Civil Guidelines

## XII. PRE-TRIAL CONFERENCE

There will be a detailed pre-trial conference 10-15 days before trial to discuss procedural issues and preliminary matters in order to make the trial process as predictable and smooth as possible.

The conference may be a time for the Court to discuss trial evidence presentation and use of audio-visual equipment. The conference is not for the purpose of hearing motions in limine. An example of an issue for the conference: Product liability case in which the manner of presenting the underlying case is of concern. Will the Court allow counsel to read the transcript into the record? Live testimony? A combination of transcript and live testimony? Is a trial by jury requested? During the COVID-19 pandemic, will witnesses be appearing telephonically or by videoconference?

At least 10 days before the pretrial conference, counsel shall meet and confer and execute necessary documents listed below. Counsel shall meet in person at a mutually agreeable time and location.

At the meet and confer, the parties shall:

1. Prepare a **Joint Statement of the Case**.

2. Prepare a **Joint Witness List**, excluding impeachment or rebuttal witnesses, with accurate time estimates.

Witness lists should not be exaggerated. Only witnesses that a party expects to actually call should be listed, with a brief synopsis of the proposed testimony. In addition to the list contained in the statements, each list should also be prepared in the form attached as follows. Witnesses should be listed last name first. Titles (e.g. Dr., Officer) should be placed after the comma following the last name. This is so that lists can be sorted correctly.

As noted above, counsel should include in their witness list the amount of time they expect to spend on direct examination of each witness. The amount of time should be stated in minutes (*not* days or hours). Counsel must also be prepared to state at the conference how much time they will require for cross-examination of each witness identified on the other party's list.

At the conference the Court will make separate arrangements for the preparation of a joint list, for jury selection purposes, of possible witnesses and persons or entities that might otherwise be mentioned at trial.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised December 28, 2020

## Complex Civil Guidelines

Format for Witness Lists

*Plaintiffs' List*

| Witness | Party (P or D) | Direct (min.) | Cross (min.) | Redirect (min.) | Total | Subject |
|---|---|---|---|---|---|---|
| Smith, John | P | 20 | 30 | 5 | 55 | Formation of contract |
| Brown, Nancy | P | 15 | 20 | 5 | 40 | Breach of contract |
| White, Ron | P | 70 | 10 | 15 | 95 | Damages |
| Black, Peter | P | 60 | 30 | 15 | 105 | Formation of contract |
| Garcia, Dr. Ruth | P | 120 | 100 | 30 | 250 | Damages |
| Rogers, Officer Ted | P | 60 | 30 | 10 | 100 | Arrest of Susan Petersen |

*Defendant's List*

| Witness | Party (P or D) | Direct (min.) | Cross (min.) | Redirect (min.) | Total | Subject |
|---|---|---|---|---|---|---|
| Doe, Edward | D | 20 | 10 | 5 | 35 | Formation of contract |
| Chang, Sam | D | 75 | 30 | 15 | 120 | Damages |

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised December 28, 2020

### Complex Civil Guidelines

| Martin, Dr. Eric | D | 120 | 60 | 30 | 210 | Damages |
|---|---|---|---|---|---|---|

3. Exchange **exhibits** and inspect photos and diagrams (to be submitted on the date of trial), excluding those contemplated to be used for impeachment or rebuttal. **Stipulate to all facts amenable to stipulation.**

4. Prepare a **Joint List of Controverted Issues**. If all the parties fail to agree to an issue as controverted or uncontroverted, then the issue is controverted. (Required for both jury and non-jury trials).

5. Exchange all **motions** in limine.

6. Prepare **voir dire questions** for the Court to include when examining the panel.

7. Execute the **Statement of Compliance** indicating counsel has complied with the Local Rules and these Guidelines.

8. Prepare joint proposed **jury instructions** (CACI only) and verdict forms, and exchange disputed instructions.

The above items, including opposition to motions in limine, trial briefs and the Statement of Compliance signed by all counsel, shall be submitted to the Complex Civil Litigation Coordinator **no later than noon on the 1ˢᵗ court day before the date set for trial, or such other time and date set by the Court.**

XIII.   TRIALS - GENERALLY

1. **General Matters – the following applies to all trials (jury and non-jury):**

a.       Except for the afternoon devoted to motions and case management conferences, jury trials generally will proceed four days a week as follows: Monday through Thursday (9:00 a.m. to 4:30 p.m.), Court trials may also proceed on Friday, and counsel in jury trials may be required to appear on Friday for proceedings that do not require the jury. The Court will provide the parties, generally at the conclusion of the Mandatory Settlement Conference, a proposed trial schedule.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised December 28, 2020

## Complex Civil Guidelines

b.    Jury deliberations will proceed five days a week, from 9:00 a.m. to 4:30 p.m., unless otherwise specified by the Court.

c.    Trial attorneys must be in the courtroom 30 minutes before the start of each morning session, unless another time is agreed upon by the Court. Counsel should expect that the court will take appropriate action if counsel is late for any appearance and does not have a justification for a late appearance.

d.    Before rearranging tables or other courtroom furniture, or installing equipment such as projectors or screens, permission must first be obtained from the bailiff or the Court.

e.    Unless the Court expressly advises otherwise, counsel may not approach a witness who is testifying to hand the witness exhibits, or to help the witness locate portions thereof, without first obtaining the Court's permission.

f.    Counsel must advise opposing counsel and the Court of the identity of each witness intended to be called no later than 4:30 p.m. on the court day preceding the time for the witness or witnesses to testify.

g.    Counsel presenting their case shall be expected to have witnesses ready to call through at least 4:30 p.m., and may be deemed to have rested their case if they are not prepared to proceed. Counsel immediately shall advise the Court of any circumstances that may prompt a request for a modification of the established trial schedule.

h.    Counsel should advise the Court at the outset of the proceedings, or as soon as the issue becomes apparent, of any legal issues or evidentiary matters that counsel anticipate will require extended time for consideration or hearing outside the presence of the jury.

i.    If during the course of trial, counsel wish to discuss a matter with the Court and opposing counsel outside of the presence of the jury, counsel MUST advise the Court of this request at the conclusion of the preceding court session and NOT immediately before proceedings are scheduled to resume.

j.    The amount of jury fees required to be posted in advance of a jury trial is $150.00. (See Code Civ. Proc., § 631, subd. (b).) If a case settles after jury fees have been deposited, the jury fees will not be returned unless the Court is notified of the settlement by 2:00 p.m. on the court day preceding the trial date for which the deposit was made.

k.    The Court does not provide court reporters in complex civil cases.) See General Local Rule 7.) If one or more parties privately arrange for court reporter services, the failure

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised December 28, 2020

### Complex Civil Guidelines

of such court reporter to appear will not be grounds for continuing or delaying a trial or other proceedings.

l.  Counsel must confer in advance of the trial, attempt to stipulate on as many issues and facts as possible, and reduce all stipulations to writing. The written stipulation is filed and during jury trials is read aloud into the record.

m.  **The Court strongly encourages the parties and senior attorneys to permit junior lawyers to have an important role at trial, including the examination of witnesses.**

### 2. Documents

Unless the case was settled at the Mandatory Settlement Conference or dismissed in full prior thereto, or unless otherwise ordered by the Court, the following items must be lodged in the department of the trial judge or, if none, with the Complex Civil Coordinator, and served on all other parties by noon on the last court day before the date set for trial:

a.  all in limine motions and a <u>list</u> of the in limine motions;

(2) exhibit lists/indices, except impeachment exhibits;

(3) witness lists, except impeachment witnesses, and unusual scheduling problems; each witness listed shall include a succinct (no more than one or two sentences) statement of the general subject matter of the witness' testimony and an estimate of the time that will be required for the direct examination of each such witness;

(4) jury instruction requests, except for instructions that cannot reasonably be anticipated prior to trial;

(5) proposed special verdicts;

(6) any stipulations on factual or legal issues;

(7) a concise, non-argumentative statement of the case to be read to the jury in jury trials;

(8) trial briefs;

(9) the original of all deposition transcripts to be used during the course of the trial. If counsel anticipates reading from the deposition transcript for any purpose other

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

### Complex Civil Guidelines

than impeachment, counsel must deliver to opposing counsel a written specification of the pages and lines proposed to be read.

An extra copy of all the above documents (except deposition transcripts) shall be delivered to the courtroom clerk on the morning of the trial for use by the clerk.

Counsel seeking to display to the jury any exhibit which required time and equipment to observe, such as slides, transparencies, movies, videotapes and audiotapes, MUST make such exhibit available to opposing counsel for review prior to commencement of the session of court at which the exhibit will be used. Proceedings will not be delayed to permit such a review if the review has not occurred by the time court is scheduled to begin.

### 3. Technology

Counsel must meet and confer regarding the use of computers, projectors, screens and other forms of equipment for showing evidence to the jury or Court. Counsel must confer with court staff regarding the placement and use of any such equipment.

### 4. Stipulations

Before the commencement of trial, all counsel will be requested to stipulate:

1. At the commencement of each session of the Court, all parties, attorneys and jurors are present unless otherwise indicated.

2. After the first occasion on which the jury has been admonished not to discuss or prejudge the case in conformity with CCP § 611, the jury will be deemed to have been so admonished at every subsequent recess or separation without the need for further admonition; and

3. Reporting of juror voir dire and jury instructions are waived.

### 5. Opening and Closing Arguments

a. Counsel should avoid discussing routine matters of court procedure, such as the sequence of trial, in opening statements and closing arguments. These matters will be covered by the Court and need not be repeated by counsel.

b. Do not display charts, diagrams or proposed exhibits to the jury until they have been shown to opposing counsel outside of the presence of the jury. If opposing counsel indicates no objection, the exhibits or other object may be displayed to the

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised December 28, 2020

## Complex Civil Guidelines

jury without first requesting Court approval. If opposing counsel objects, the exhibit or object may not be displayed without Court approval, which must be requested outside the presence of the jury.

### 6. Examination of Witnesses

i. <u>Objections:</u> Counsel should only state the legal ground(s) of objection and, unless the Court specifically requests explanation or argument, should refrain from argument, elaboration, or any other form of extended objection-making. Counsel may request permission to approach the side bar to present argument, but should not approach unless and until the Court grants the request.

ii. When calling a witness to testify under Evidence Code section 776, do <u>not</u> announce in the presence of the jury that the witness being called under this provision or as a "hostile" or "adverse" witness. Simply proceed with the examination of the witness; the Court will rule upon the applicability of section 776 only if such a ruling is required by an objection asserted by opposing counsel.

iii. Do <u>not</u> propose a stipulation to opposing counsel in the hearing of the jury unless there is prior agreement of counsel.

### 7. Transcripts

i. If counsel anticipates requesting a transcript of the testimony of any witness or other proceedings during the course of trial, arrangements should be made with the court reporter <u>in advance</u> so that arrangements can be made to obtain a second court reporter if necessary.

ii. If counsel requests any court reporter to prepare a transcript of any portion of the proceedings, counsel MUST contemporaneously advise opposing counsel of the request and of the precise portions that will be transcribed.

### 8. Jury Trials

i. Motions in limine and other trial-related preliminary motions (such as Evidence Code § 402) must be submitted in writing before answering ready. Motions in limine may be ruled on by the Court without hearing. Such motions should be brief and should address specific subject matter. (See *Amtower v. Photon Dynamics, Inc.*, (2008) 158 Cal.App.4th 1582.)

ii. CACI instructions are to be used whenever feasible. Submit proposed instructions in Word format. When reasonably possible, mark up the official version rather than retyping so the changes are apparent to the Court and other counsel. The Court

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised December 28, 2020

## Complex Civil Guidelines

may send at least 4 "clean" sets of instructions provided by counsel into the jury room. "Clean" means just the text of the instruction, as corrected. Plaintiff has the primary, but not exclusive, responsibility to provide the "clean" sets, in binders.

iii. Counsel should consider stipulating that the determination as to which members of the trial jury shall be alternates will be determined by random draw of names immediately before deliberations commence. If counsel so stipulate, the size of the panel selected at the outset of trial will be 12 plus the number of alternates expected to be needed, with the peremptory challenges allotted to each side increased by the number of jurors in excess of 12.

iv. <u>Hardship Requests</u> - Requests by members of the panel to be excused on the ground of undue hardship will be considered by the court prior to beginning voir dire examination.

v. Jury selection proceeds generally under the "6 pack" method, modified to fit the case. Court and counsel will work out the management of voir dire in accordance with Code of Civil Procedure section 225.5 to fit the circumstances of the case. Counsel may submit specific juror questions for the Court to consider asking during voir dire.

vi. Voir dire examination will initially be directed to 18 or more members of the jury panel seated in the jury box. Any of these 18 or more panel members excused for cause will be replaced by additional panel members before peremptory challenges begin. Peremptory challenges will then proceed, directed to the first 12 panel members, who will be replaced by the next six panel members in order as any of the 12 are peremptorily challenged. The peremptory challenges will continue until the panel seated in the jury box is reduced to 11 members, at which time additional panel members (normally an additional seven) will be selected and examined prior to resuming peremptory challenges. Whenever there are successive passes from all parties who have not exhausted their challenges, or all parties exhaust their challenges, the jury has been selected and will be sworn. The same process will then continue for the selection of alternate jurors.

vii. All challenges for cause will be heard out of the hearing of the jury panel.

viii. The Court will initiate voir dire examination. Upon completion of the judge's examination, counsel will have the right to examine the jurors within reasonable time limits prescribed by the trial judge.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised December 28, 2020

### Complex Civil Guidelines

ix. The Court preinstructs the jury once it is empaneled. CACI Instructions relating to the basic responsibilities of the jurors, management of evidence and the like will be given and, in most cases, repeated at the close of trial.

x. Objections of any kind are to be addressed to the Court (not to other counsel) with a concise statement of the legal grounds. Argument on the objection without invitation by the Court is not permitted. Advise the Court if argument is necessary for the record.

xi. Make no references to charts, models, blowups or other demonstrative evidence in front of the jury unless: (a) it is in evidence; (b) counsel have previously stipulated the item is in evidence; or (c) you have leave of Court to make that reference.

xii. TRIAL EXHIBITS

    a. **Introduction**

        i. The electronic representations of such exhibits may be presented to the jury/Court as substitutes for the exhibits themselves. Counsel should keep in mind that one of the purposed of the complex project is to enhance the orderly presentation of evidence to the fact finder, and to maintain the record for potential post trial proceedings.

        ii. Exhibits may be in either electronic or physical form. Physical exhibits are not required to be presented in a digitized format. However, at the conclusion of trial the court may order that a photo be substituted and stored electronically in lieu of the physical evidence.

        iii. Parties must exchange exhibits excluding documents for bona fide impeachment at the Pre-Trial Meet and Confer. Each counsel must provide the Court with an EXHIBIT LIST describing each exhibit, indicating whether the exhibit is to be admitted into evidence by stipulation.

        iv. Counsel must submit to the Clerk original negotiable instruments for cancellation pursuant to Rule 3.1806, unless otherwise ordered by the Court.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised December 28, 2020

## Complex Civil Guidelines

**b. Submission of Exhibits**

    i. Counsel must provide the Court with the exhibits, plus one copy. Exhibits will be marked by the Clerk, as they are identified, in chronological order. Exhibits shall not be pre-marked by counsel.

    ii. Enlargements and transparencies normally will not be admitted into evidence. Any large exhibit or transparency should be accompanied by an 8½ x 11 version to which the exhibit tag is attached. Models, etc. should be photographed if proposed as exhibits. Be sure to discuss evidentiary issues of this nature with opposing counsel.

    iii. Responses to interrogatories and requests for admission that are expected to be used at trial must be extracted and lodged with the Court, and a copy given to counsel, at the appropriate time. In jury trials, questions and answers must be read into the record, subject to proper objections. The extracts may be submitted as exhibits in a Court trial. In no case will entire sets of written discovery documents be lodged or received.

    iv. Before trial commences, counsel will be asked to sign a stipulation for the return and maintenance of exhibits when the trial is completed. Plaintiff will maintain joint exhibits, unless otherwise stipulated.

**c. Use of Deposition Transcripts**

    i. Deposition transcripts that are expected to be used at trial must be lodged with the Court on the first day of trial. Pertinent provisions must be read into the record in jury trials, subject to proper objections. In Court trials, extracts may be submitted and marked as exhibits. In no case will an entire transcript be received.

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised December 28, 2020

## Complex Civil Guidelines

## CURRICULUM VITAE FOR JUDGE SUNIL R. KULKARNI

**Judge Sunil R. Kulkarni**
**Superior Court of California**
**County of Santa Clara**
**191 North First Street**
**San Jose, California 95113**
**Department 1**
**408-882-2110**

### JUDICIAL CAREER:
Tenure
Appointed to the Superior Court on October 4, 2013
Elected to 6-year terms (unopposed): 2016

Assignments
Complex Civil Litigation: November 2020 - present
Assistant Supervising Judge (civil): January 2021 - present
Civil Case Manager (pretrial case management): 2019-20
Civil Trials: 2018
Appellate Division: 2017-18
Criminal Calendars/Trials: 2013-2017

External Committee Roles:
Member, CJER Qualifying Ethics 8 Workgroup: 2021 (upcoming)
Member, CJER Ethics and Fairness Curriculum Committee: 2015-2020
Member, Santa Clara County Bar Association Fairness/Equity Committee: 2018

Teaching:
Faculty Member, CJER New Judge Orientation: 2021 (upcoming)
Faculty Member, CJER Qualifying Ethics: 2019-21
Trial Advocacy, Stanford Law School: 2014-20
Appellate Advocacy, Stanford Law School: 2020-21
Appellate Advocacy, Giles R. Rich Moot Court (patent law): 2014-20

Publications:
Editor, CEB (various publications): 2017, 2019-20
Editor, CJER (various publications): 2017, 2019-20
Numerous articles, San Francisco Daily Journal: 2014-16
Article regarding tentative rulings, California Litigation: 2019

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised December 28, 2020

## Complex Civil Guidelines

Awards:
Trailblazer Award, South Asian Bar Association of Northern California: 2014
Champion of Diversity, Minority Bar Coalition: 2016

**PAST EXPERIENCE:**
Senior In-House Litigation Counsel, University of California Office of the President: 2011-2013

Morrison & Foerster LLP (specializing in complex intellectual property, securities, and business litigation):
- Partner: 2005-2010
- Associate: 1998-2004
- Seconded to Apple Inc.'s in-house patent litigation group for five months (September 2009 – January 2010) to supervise patent cases.

Judicial Law Clerk, Eastern District of California (Judge Oliver W. Wanger): 1996-97

**EDUCATION:**
University of California, Hastings College of the Law: J.D., 1996
University of California, Berkeley: B.S. (mechanical engineering), 1993

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

Revised December 28, 2020

## Complex Civil Guidelines

## CURRICULUM VITAE FOR JUDGE PATRICIA M. LUCAS

**Judge Patricia M. Lucas**
**Superior Court of California**
**County of Santa Clara**
**191 First Street**
**San Jose, California 95113**
**Department 3**
**408-882-2130**

**JUDICIAL CAREER:**

> **Appointed to the Superior Court December 20, 2002**
> **Elected to 6-year terms (unopposed): 2004, 2010, 2016**
> **Complex Civil Litigation, 2020-**
> **Presiding Judge, 2017-18**
> **Assistant Presiding Judge, 2015-16**
> **Civil Trials, 2013, 2016**
> **Civil Pretrial Case Management, 2011-12, 2014-15**
> **Civil Discovery/Trials, 2004**
> **Supervising Judge, Civil Division, 2014-15**
> **Family Law, 2005-08**
> **Supervising Judge, Family Division, 2006-08**
> **Appellate Division, 2004, 2013**
> **Presiding Judge, Appellate Division, 2013**
> **Criminal Trials, 2003, 2009-10**
> **Temporary assignment on the Sixth District Court of Appeal, 2011**
>
> **Chair, Trial Court Presiding Judges Advisory Committee, 2017-18**
> **Member, Judicial Council of California, 2017-18**
> **B. E. Witkin Judicial College of California: Dean, 2017-18**
> > **Associate dean, 2015-16**
> > **Faculty, 2004 to present**
> > **Seminar leader, 2005-06 and 2009-2014**
> **Faculty/Seminar Leader, New Judge Orientation, 2005 to present**
> **Faculty, CJER Civil Law Institute, 2006 to present**
> **Member, CJER New Judge Educ./Judicial College Steering Committee;**
> > **New Judge Orientation Working Group;**
> > **Experienced Judge Working Group (chair)**
> **Member, CJER Governing Committee, 2005, advisory member, 2015-18**
> **Member, Judicial Council Civil & Small Claims Advisory Committee,**

Superior Court of California,
County of Santa Clara
191 North First Street
San Jose, CA 95113

## Complex Civil Guidelines

**2006-2015 (chair, 2013-15)**
**Member and vice-chair, Judicial Council Court Facilities Advisory**
**Committee, 2011 to present**
**Member, Elkins Family Law Task Force and Implementation Task Force,**
**2008-12**
**Instructor, National Institute for Trial Advocacy, 1990 to present**

**Private practice, complex civil litigation, 1979-2003**
**University of California, Berkeley, J.D.**
**Rice University, B.A.**

# EXHIBIT B

1  MALCOLM A. HEINICKE (SBN 194174)
   malcolm.heinicke@mto.com
2  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
3  Twenty-Seventh Floor
   San Francisco, California 94105-2907
4  Telephone:    (415) 512-4000
   Facsimile:    (415) 512-4077
5
   JOSEPH D. LEE (State Bar No. 110840)
6  joseph.lee@mto.com
   MUNGER, TOLLES & OLSON LLP
7  350 South Grand Avenue
   Fiftieth Floor
8  Los Angeles, California 90071-3426
   Telephone:    (213) 683-9100
9  Facsimile:    (213) 687-3702

10 Attorneys for Defendant CRISIS24
   PROTECTIVE SOLUTIONS, LP
11

12            SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                     COUNTY OF SANTA CLARA

14

15 RUSTIN FOX and GABRIELE SANTI,          Case No. 23CV418864
   individuals, on behalf of all other persons
16 similarly situated,                      **ANSWER AND GENERAL DENIAL TO
                                            PLAINTIFFS' CLASS ACTION
17              Plaintiffs,                  COMPLAINT**

18        vs.                               Judge:       Amber S. Rosen
                                            Dept:        Dept. 16
19 CRISIS24 PROTECTIVE SOLUTIONS, LP, a
   Limited Partnership; and DOES 1-50,     Action Filed:   July 7, 2023
20 inclusive.

21              Defendants.

22

23        Defendant CRISIS24 PROTECTIVE SOLUTIONS, LP, ("Defendant"), hereby answers

24 the Complaint ("Complaint") of Plaintiffs RUSTIN FOX and GABRIELE SANTI ("Plaintiffs") as

25 follows:

26                          **<u>GENERAL DENIAL</u>**

27        Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally

28 denies each and every material allegation in each of the causes of action asserted in Plaintiffs'

                                    -1-
                          ANSWER TO COMPLAINT

Complaint.  Defendant further denies that any of Plaintiffs' rights were violated, that Plaintiffs have suffered any damages whatsoever as a consequence of Defendant's actions, and that Plaintiffs are adequate representatives of the putative class referenced in the Complaint. Defendant also denies that Plaintiffs are entitled to any legal or equitable relief whatsoever.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in Plaintiffs' Complaint, Defendant asserts the following separate and independent affirmative defenses.  Defendant does not, by stating the matters set forth in these defenses, allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters, and does not assume the burden of proof or persuasion as to any matters as to which Plaintiffs have the burden of proof or persuasion.

## FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

1.      Each cause of action in Plaintiffs' Complaint is barred, in whole or in part, by the applicable statute of limitations, including but not limited to California Government Code Section 12960, and California Code of Civil Procedure sections 337, 338, 339, 340 and/or 343, Government Code sections 12960 and 12965, and/or California Business and Professions Code section 17208.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

2.      As a separate and distinct defense to the Complaint, Defendant is informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that the Complaint, and each cause of action set forth therein, is barred by doctrine of waiver, in whole or in part.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

3.      As a separate and distinct defense to the Complaint, Defendant is informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis

allege, that the Complaint, and each cause of action set forth therein, is barred by the equitable doctrine of laches, in whole or in part.

**FOURTH AFFIRMATIVE DEFENSE**

**(Consent)**

4.    As a separate and distinct defense to the Complaint, Defendant is informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that the Complaint, and each cause of action set forth therein, is barred by the doctrine of consent, in whole or in part.

**FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

5.    As a separate and distinct defense to the Complaint, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint, and each cause of action set forth therein, or some of them, is barred by the equitable doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

6.    As a separate and distinct defense to the Complaint, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint, and each cause of action set forth therein, or some of them, is barred by the equitable doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

7.    As a separate and distinct defense to the Complaint, each of Plaintiffs' causes of action is barred, in whole or in part, by the doctrine of avoidable consequences, including because Plaintiffs failed to exercise reasonable care and diligence to avoid harm or loss that reasonably could have been prevented by such reasonable efforts, including utilizing Defendant's complaint procedures.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

8.    As a separate and distinct defense to the Complaint, Defendant alleges that Plaintiffs and other putative class members would be unjustly enriched if allowed to recover on the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

**(Offset)**

9.    As a separate and distinct defense to the Complaint, to the extent Plaintiffs engaged in dishonest, willful or grossly negligent conduct, Defendant is/was entitled to set off any losses due to such conduct against Plaintiffs' wages or other compensation and cannot be liable for damages and/or penalties based on allegedly unpaid wages that were/will be set off.

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

10.    As a separate and distinct defense to the Complaint, without admitting any wrongful conduct by Defendant, Plaintiffs are barred and precluded from any relief of their Complaint to the extent that Plaintiffs have failed to mitigate or reasonably attempt to mitigate their damages, if any, as required by law.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Federal Preemption)**

11.    As a separate and distinct defense to the Complaint, Defendant alleges that, to the extent Plaintiffs' claims involve conduct that is, or seek remedies that are, governed or regulated by federal law, such claims are preempted.

**TWELFTH AFFIRMATIVE DEFENSE**

**(*Bona Fide* Dispute)**

12.    As a separate and distinct defense to the Complaint, Defendant alleges that the Complaint fails to state a claim for recovery of wages, penalties, or other relief in that (1) there was a bona fide, good faith dispute as to Defendant's obligations under any applicable Labor Code

provisions, including, without limitations Labor Code section 203, and (2) Defendant did not willfully violate such Labor Code provisions.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

13.     As a separate and distinct defense to the Complaint, any violation of the Labor Code or an Order of the Industrial Welfare Commission or other applicable law was an act or omission made in good faith, and Defendant had reasonable grounds for believing that their wage and hour practices and other applicable policies and procedures complied with applicable laws and that any act or omission was not a violation of the Labor Code or any Order of the Industrial Welfare Commission or other applicable law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Precludes Punitive Damages)

14.     As a separate and distinct defense to the Complaint, without admitting any wrongful conduct by Defendant,  Defendant made good faith efforts to comply with the law, which precludes any punitive damages claims.  None of Defendant's acts were malicious, in bad faith, or were motivated by ill will or fraud, Defendant did not authorize or ratify such alleged acts, Defendant had no advance knowledge of the unfitness of any employee or employees who allegedly committed such an act, and/or Defendant did not employ any such employee or employees with a conscious disregard of the rights or safety of others.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Purported Violations Are De Minimis)

15.     As a separate and distinct defense to the Complaint, to the extent Plaintiffs seek to recover penalties for alleged violations of the Labor Code, including without limitation alleged violations concerning overtime and meal and rest periods, Plaintiffs cannot maintain such claims because such alleged violations, if any, are de minimis.

1

**SIXTEENTH AFFIRMATIVE DEFENSE**

2

**(Lack of Knowledge)**

3      16.    As a separate and distinct defense to the Complaint, Plaintiffs cannot recover for

4  alleged off-the-clock work (which Defendant denies) when Defendant lacked actual or

5  constructive knowledge of the alleged off-the-clock work.

6

**SEVENTEENTH AFFIRMATIVE DEFENSE**

7

**(Entitlement to Credit or Setoff)**

8      17.    As a separate and distinct defense to the Complaint, Defendant alleges that,

9  assuming Plaintiffs or other putative class members are entitled to any recovery, Defendant is

10  entitled to a credit or setoff, including without limitation for amounts erroneously overpaid to

11  Plaintiffs or such other employees.

12

**EIGHTEENTH AFFIRMATIVE DEFENSE**

13

**(Excessive Fines)**

14      18.    As a separate and distinct defense to the Complaint, Defendant alleges that

15  imposition of civil penalties sought by the Complaint would result in excessive fines in violation

16  of article I, sections 7 and 17 of the California Constitution and the Eighth and Fourteenth

17  Amendments to the United States Constitution.  *See People ex rel. Lockyer v. R.J. Reynolds*

18  *Tobacco Co.*, 37 Cal. 4th 707 (2005).

19

**NINETEENTH AFFIRMATIVE DEFENSE**

20

**(Due Process)**

21      19.    As a separate and distinct defense to the Complaint, Plaintiffs' claims for punitive

22  damages are barred by, without limitation, California law, the due process clauses of the Fifth and

23  Fourteenth Amendments to the United States Constitution, and/or other constitutional and

24  statutory protections.

25

**TWENTIETH AFFIRMATIVE DEFENSE**

26

**(Insufficient Facts for Punitive Damages)**

27      20.    As a separate and distinct defense to the Complaint, without admitting any

28  wrongful conduct by Defendant, Plaintiffs are not entitled to recover punitive damages because

Plaintiffs have failed to allege facts sufficient to state a claim for such damages, and the statutory requirements for an award of punitive damages pursuant to Civil Code section 3294 are not met.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Insufficient Facts for Emotional Distress)

21. As a separate and distinct defense to the Complaint, without admitting any wrongful conduct by Defendant, Plaintiffs are not entitled to recover emotional distress damages because Plaintiffs have failed to allege facts sufficient to state a claim for such damages, including, but not limited to, facts sufficient to constitute extreme or outrageous conduct on the part of Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (On-Duty Meal Period Agreements)

22. As a separate and distinct defense to the Complaint, the claims in the Complaint pertaining to meal periods fail to the extent that Plaintiffs or other putative class members signed valid on-duty meal period agreements and were provided with on-duty meal periods.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Comply with Employer Directives)

23. As a separate and distinct defense to the Complaint, each cause of action is barred, in whole or in part, by Labor Code section 2856, to the extent that Plaintiffs failed substantially to comply with Defendant's directions and such failure proximately caused the alleged losses for which Plaintiffs seek relief.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Labor Code Section 226 – No Injury)

24. As a separate and distinct defense to the Complaint, Plaintiffs' claims based on alleged violation of California Labor Code section 226 are barred because Plaintiffs and other putative class members have not suffered any injury from any alleged failure by Defendant to comply with California Labor Code section 226.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Labor Code Section 226 – Not a "Knowing and Intentional Failure")

25.    As a separate and distinct defense to the Complaint, Defendant alleges that, even assuming *arguendo* that Plaintiffs and other putative class members were not provided with proper itemized statements of wages and deductions, any failure to comply with California Labor Code section 226 was not a "knowing and intentional failure" under California Labor Code section 226(a).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Take Meal and Rest Breaks Provided Under the Law)

26.    As a separate and distinct defense to the Complaint, Defendant alleges that Plaintiffs and other putative class members have no right to a premium payment under California Labor Code section 226.7 to the extent they (1) failed to take breaks that were provided to them in compliance with California law, (2) chose not to take the rest breaks that were authorized and permitted, or (3) waived their right to meal breaks under California Labor Code section 512(a).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    As a separate and distinct defense to the Complaint, Defendant alleges that any claim under the Unfair Competition Law is barred, in whole or in part, because Defendant's business acts and practices were not unlawful, unfair, or fraudulent.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

28.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs are not entitled to recover civil penalties on behalf of themselves or any putative class members to the extent that Plaintiffs failed to exhaust their administrative remedies.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and at least some of the alleged causes of action or claims contained therein, is barred, in whole or in part, because, to the extent Plaintiffs seek relief under the Fair Employment and

1    Housing Act (FEHA), their allegations are not identical to, or within the scope of, any timely

2    administrative complaint filed by Plaintiffs, or on Plaintiffs' behalf.

3                      **THIRTIETH AFFIRMATIVE DEFENSE**

4                          **(Class Action not Proper)**

5        30.    As a separate and distinct defense to the Complaint, Defendant alleges that the

6    Complaint, and each cause of action set forth therein, are barred because Plaintiffs cannot satisfy

7    the requirements for the maintenance of a class, representative, or collective action, including, but

8    not limited to, ascertainability, predominance, adequacy of representation by the proposed class

9    representatives, and superiority (under the requirements of California Code of Civil Procedure

10   section 382), and Defendant further alleges that public policy considerations do not favor such a

11   certification.

12                   **THIRTY-FIRST AFFIRMATIVE DEFENSE**

13                          **(Exclusive Remedy)**

14       31.    As a separate and distinct defense to the Complaint, Defendant alleges that the

15   Complaint, and at least some of the alleged causes of action or claims contained therein, are

16   barred, in whole or in part, to the extent Plaintiffs have failed to pursue the exclusive remedies of

17   the California Workers' Compensation Act for any alleged physical or emotional injury arising

18   from their employment.

19                  **THIRTY-SECOND AFFIRMATIVE DEFENSE**

20                         **(Reduction of Penalties)**

21       32.    As a separate and distinct affirmative defense, Defendant alleges that in the event

22   any penalties are imposed based on any of the claims alleged, such penalties should be reduced to

23   the full extent necessary to avoid imposing any penalties that are unjust, arbitrary and oppressive,

24   or confiscatory.

25                   **THIRTY-THIRD AFFIRMATIVE DEFENSE**

26                       **(Failure to State a Cause of Action)**

27       33.    As a separate and distinct defense to the Complaint, Plaintiffs' Complaint, and each

28   claim for relief contained therein, fail to state facts sufficient to constitute a cause of action.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Not Compensable Working Time)

34.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint is barred, in whole or in part, because some or all of the time for which Plaintiffs seek to recover is not compensable working time under California law.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Expenses Not Incurred in Course of Duties)

35.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint is barred, in whole or in part, because Plaintiffs cannot seek recovery based on alleged unreimbursed business expenses (which Defendant denies) that were not incurred in direct consequence of the discharge of their or other employees' duties, or in obedience to the directions of Defendant.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Preliminary/Postliminary Work)

36.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint is barred, in whole or in part, because if any amount of time worked was unpaid, any such work was preliminary or postliminary in nature.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Other Actions Pending/Exclusive Concurrent Jurisdiction)

37.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint is barred, in whole or in part, including without limitation on the basis of the doctrine of exclusive concurrent jurisdiction, based on the pendency of other putative class action litigation against Defendant asserting the same or substantially the same factual allegations and claims asserted in the Complaint.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Res Judicata/Claim Preclusion)

38.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint is or would be barred, in whole or in part, by the doctrines of res judicata and claim preclusion,

including without limitation based on judgments that may be entered in other lawsuits against Defendant asserting the same or substantially the same factual allegations and claims as are asserted in the Complaint.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Unavailability of Jury Trial)**

39.    As a separate and distinct affirmative defense, Plaintiffs' demand for a jury trial is improper to the extent their claims are properly tried to the Court, not to a jury.

**FORTIETH AFFIRMATIVE DEFENSE**

**(Duplicative Claims)**

40.    As a separate and distinct affirmative defense, the Complaint, and at least some of the alleged causes of action or claims contained therein, is barred, in whole or in part, to the extent Plaintiffs' claims are duplicative, because Plaintiffs cannot receive multiple recovery for the same duplicative claims.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(Own Conduct/Third Party)**

41.    As a separate and distinct defense to the Complaint, each of Plaintiffs' individual causes of action are barred, in whole or in part, because Plaintiffs have not sustained any injury or damage by reason of any act or omission of Defendant, or if Plaintiffs were damaged, the damage or injury was due wholly to Plaintiffs' own conduct or, in the alternative, to acts undertaken by third parties.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Health and Safety)**

42.    As a separate and distinct affirmative defense, Defendant asserts that any alleged adverse employment actions were lawful and not discriminatory because, even with reasonable accommodations, Plaintiffs were unable to perform their essential job duties without endangering their own health or safety or the health or safety of others.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(Undue Hardship)**

43.     As a separate and distinct affirmative defense, Plaintiffs' claims are barred to the extent that accommodating Plaintiffs' alleged disabilities would have created an undue hardship to the operation of Defendant's business.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(Requested Accommodations Unreasonable)**

44.     As a separate and distinct affirmative defense, the Complaint, and at least some of the alleged causes of action or claims contained therein, is barred, in whole or in part, because to the extent Plaintiffs' requests for accommodation were denied, the requested accommodations were unreasonable.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(Plaintiffs Could Not Perform Essential Functions)**

45.     As a separate and distinct affirmative defense, the Complaint, and at least some of the alleged causes of action or claims contained therein, is barred, in whole or in part, to the extent that no reasonable accommodation existed that would have enabled Plaintiffs to perform the essential functions of their position.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Engage in Interactive Process)**

46.     As a separate and distinct affirmative defense, the Complaint, and at least some of the alleged causes of action or claims contained therein, is barred, in whole or in part, to the extent Plaintiffs failed to request any reasonable accommodation(s) and/or failed to reasonably and in good faith engage in the interactive process.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Reasonable Accommodation)**

47.     As a separate and distinct affirmative defense, the Complaint, and at least some of the alleged causes of action or claims contained therein, is barred, in whole or in part, because Defendant reasonably accommodated Plaintiffs.

1

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

2

**(Business Necessity)**

3      48.      As a separate and distinct affirmative defense, and without admitting any wrongful

4  conduct, Defendant asserts they acted in good faith and any decisions made with respect to

5  Plaintiffs were done for legitimate, non-discriminatory, non-retaliatory, and non-pretextual

6  business-related reasons.

7

**FORTY-NINTH AFFIRMATIVE DEFENSE**

8

**(Public Policy)**

9      49.      As a separate and distinct affirmative defense, the Complaint, and at least some of

10  the alleged causes of action or claims contained therein, is barred, in whole or in part, because

11  none of Defendant's acts, omissions, or conduct were in contravention of public policy.

12

**FIFTIETH AFFIRMATIVE DEFENSE**

13

**(Same Decision/Mixed Motives)**

14      50.      As a separate and distinct affirmative defense, and without admitting any

15  wrongdoing by Defendant, under the Fair Employment and Housing Act, even if Defendant acted

16  with the motive alleged by Plaintiffs, which it denies, Defendant still would have taken the same

17  actions complained of by Plaintiffs in the Complaint based on legitimate, non-discriminatory, non-

18  retaliatory, and non-pretextual reasons unrelated to any protected characteristic alleged by

19  Plaintiffs or any protected activity undertaken by Plaintiffs.

20

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

21

**(Compliant Policy)**

22      51.      As a separate and distinct defense to the Complaint, the Complaint, and at least

23  some of the alleged causes of action or claims contained therein, is barred, in whole or in part, to

24  the extent Plaintiffs seek punitive damages, because at all relevant times there was a written policy

25  that specifically forbids discriminatory, retaliatory and/or harassing practices against employees,

26  and this policy was implemented in good faith.

27

28

1
## FIFTY-SECOND AFFIRMATIVE DEFENSE

2
### (Preventive Measures)

3    52.    As a separate and distinct defense to the Complaint, the Complaint, and at least

4 some of the alleged causes of action or claims contained therein, is barred, in whole or in part, to

5 the extent Plaintiffs unreasonably failed to take advantage of preventative and/or corrective

6 opportunities, and to the extent Plaintiffs unreasonably failed to exhaust other internal remedies

7 provided by Defendant.

8
## FIFTY-THIRD AFFIRMATIVE DEFENSE

9
### (Attorneys' Fees Not Warranted)

10    53.    As a separate and distinct defense to the Complaint, the Complaint, and at least

11 some of the alleged causes of action or claims contained therein, is barred, in whole or in part,

12 because Plaintiffs have failed to state facts sufficient to state a claim for which attorneys' fees

13 and/or costs may be granted under the FEHA or any other statutory or common law provision.

14
## ADDITIONAL AFFIRMATIVE DEFENSES

15    Defendant has alleged the affirmative defenses of which they are currently aware.

16 Defendant may become aware of additional affirmative defenses available to them after further

17 discovery, or investigation.  Accordingly, Defendant reserves the right to assert additional

18 affirmative defenses once such defenses have been identified.

19
## PRAYER

20    WHEREFORE, Defendant prays as follows:

21    1.    That Plaintiffs' Complaint, and each cause of action therein, be dismissed with

22 prejudice;

23    2.    That Plaintiffs take nothing by the Complaint;

24    3.    That Defendant be awarded their costs incurred herein; and

25    4.    That the Court grant Defendant such other relief as it deems just and proper.

26

27

28

1    DATED:  September 27, 2023              MUNGER, TOLLES & OLSON LLP

2

3                                           By:  _____/s/ Joseph D. Lee_____

4                                                JOSEPH D. LEE

5                                           Attorneys for Defendant CRISIS24 PROTECITIVE

6                                           SERVICES, LP

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MALCOLM A. HEINICKE (SBN 194174)
malcolm.heinicke@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

JOSEPH D. LEE (State Bar No. 110840)
joseph.lee@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702

Attorneys for Defendant CRISIS24
PROTECTIVE SOLUTIONS, LP

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| RUSTIN FOX and GABRIELE SANTI, individuals, on behalf of all other persons similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CRISIS24 PROTECTIVE SOLUTIONS, LP, a Limited Partnership; and DOES 1-50, inclusive. <br><br> Defendants. | Case No. 23CV418864 <br><br> **PROOF OF SERVICE** <br><br> Judge:          Amber S. Rosen <br> Dept:           Dept. 16 <br><br> Action Filed:   July 7, 2023 |

-1-
PROOF OF SERVICE

1

<u>PROOF OF SERVICE</u>

2

**Rustin Fox and Gabriele Santi, et al. v. Crisis24 Protective Solutions, LP**
**Santa Clara County Superior Court Case No. 23CV418864**

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

5
       At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 350 South Grand Avenue, Fiftieth Floor, Los Angeles, CA 90071-3426.

6

7
       On September 27, 2023, I served true copies of the following document(s) described as **ANSWER AND GENERAL DENIAL TO PLAINTIFFS' CLASS ACTION COMPLAINT** on the interested parties in this action as follows:

8

9
Norman B. Blumenthal
*norm@bamlawca.com*

Attorneys for Plaintiffs
Rustin Fox and Gabriele Santi

Kyle R. Nordrehaug

10
*kyle@bamlawca.com*

Aparajit Bhowmik

11
*aj@bamlawca.com*

Nicholas J. De Blouw

12
*nick@bamlawca.com*

13
**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**

14
2255 Calle Clara

15
La Jolla, Ca  92037
Telephone:     (858) 551-1223

16
Facsimile:     (858) 551-1232

17
       **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and

18
mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is

19
placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

20

21
       **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address Seana.Flanagin@mto.com to the persons at the e-mail

22
addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

23
       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

24

25
       Executed on September 27, 2023, at Los Angeles, California.

26

27
                                    */s/ Seana Flanagin*
                                    Seana Flanagin

28

50949981.1